**Sybil THORNTON, Appellant,**

**v.**

**ALASKA WORKMEN'S COMPENSATION BOARD and the State of Alaska, and Brown & Root, Inc., Appellees.**

**No. 612.**

Supreme Court of Alaska.

Feb. 25, 1966.

George Vogt, Anchorage, for appellant.

Mary Alice Miller, of Collins & Clasby, Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

Appellant's husband, Gordon Thornton, was employed as a painter by appellee, Brown & Root, Inc. In the course of such employment he climbed a tower approximately 170 feet high and then used a guy line to pull a 100 pound block and tackle about 160 feet up the tower. At this point Thornton died of a heart attack which was diagnosed by Dr. Kennard, who performed an autopsy, as "multiple coronary artery occlusions with extensive destruction and damage to the heart muscle (infarction)."

The Alaska Workmen's Compensation Board denied appellant's claim for compensation on account of her husband's death, stating as follows:

> The only real dispute is whether the heart attack arose from the decedent's employment. It is the Board's opinion that the testimony of Dr. John F. Kennard is determinative of this issue. Dr. Kennard testified that he

had performed an autopsy on the deceased and found that death was caused by multiple coronary occlusions. He further testified that the infarction process began 8 hours before death. This is consistent with the testimony of the decedent's co-workers that the deceased had been coughing on the way up and had halted several times. The autopsy indicates that the climbing of the tower was not a crucial precipitating factor in the death of Mr. Thornton but that he died of natural physiological causes originating prior to the incident of climbing the tower rather than trauma or particular effort.

Appellant brought this action in the superior court to set aside the Board's order denying compensation. The court granted summary judgment in favor of appellees, thus affirming the decision of the Board. Appellant has now appealed to this court contending that the Board's decision and the court's affirmance of the Board's decision were erroneous.

In essence the Board found that Thornton's death was not work-connected—that it was not connected with any of the incidents of his employment.[1] The question for us to decide is whether in the light of the whole record that finding is supported by substantial evidence, that is, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[2]

It is a well established rule in workmen's compensation law that a pre-existing disease or infirmity does not disqualify a claim under the work-connection requirement if the employment aggravated, accelerated, or combined with the disease or infirmity to produce the death or disability for which compensation is sought.[3] The question in a particular case of whether the employment did so contribute to the final result is one of fact which is usually determined from medical testimony.[4]

In this case there were two medical witnesses, Dr. Marrow, a specialist in internal medicine, and Dr. Kennard, who performed an autopsy on the body of appellant's husband. Dr. Kennard testified in substance that the heart attack—the process of infarction or destruction of the heart muscle—had begun to take place approximately 8 hours before Thornton's death. But Dr. Kennard also gave his opinion that people have lived for many years with infarctions if they do not get involved in extremely heavy exertion, that the amount of exertion would have to be taken into consideration as accelerating the process of heart muscle destruction and eventual death, and that the chances of Thornton's survival without the added exertion of climbing a 170 foot tower and lifting after him the block and tackle probably would have been good if Thornton had had proper care. Dr. Marrow testified that under the circumstances relating to Thornton's climbing the tower and pulling the block and tackle up after him, and to his pre-existing heart disease, that the exertion that Thornton had undergone just prior to his death accelerated his death, that sudden exertion is notoriously detrimental to heart disease, and that it would

1. Under the Alaska Workmen's Compensation Law, compensation is payable for "accidental * * * death arising out of and in the course of employment * * *." AS 23.30.265(13). In Northern Corp. v. Saari, Opinion No. 317, 409 P.2d 845 (Alaska 1966), we held that an injury or death would both arise out of and be in the course of employment if such injury or death was connected with any of the incidents of one's employment.

2. Forth v. Northern Stevedoring & Handling Corp., 385 P.2d 944, 948 (Alaska 1963).

3. Southern Stevedoring Co. v. Henderson, 175 F.2d 863, 866 (5th Cir. 1949); Associated Indem. Corp. v. Industrial Acc. Comm'n, 120 Cal.App.2d 423, 261 P.2d 25, 27 (Dist.Ct.App.1953); Barz v. Oler, Iowa, 133 N.W.2d 704, 706–707 (1965); Lewis v. Trackside Gasoline Station etc., 233 Miss. 663, 103 So.2d 868, 871 (1958); 1 Larson, Workmen's Compensation § 12.-20 (1965).

4. 1 Larson, Workmen's Compensation Law § 12.20, at 192.41–.47 (1965).

be reasonable to expect that even with an infarcted area such as Thornton had, there would be an acceleration of the time of death by reason of the climb to the top of the tower.

■ The workmen's compensation statute creates a presumption that in the absence of substantial evidence to the contrary a claim for compensation comes within the provisions of the statute.[5] Accordingly, it is presumed that Thornton's death was work-connected in the absence of substantial evidence that it was not.[6] Such evidence is absent here. Neither of the two medical witnesses testified that Thornton's exertion in climbing the tower and lifting the block and tackle did not contribute to his death. In fact, as we have noted, the testimony of the two physicians was to the contrary. And if there were any doubt as to what the substance of the medical testimony was, such doubt would be resolved in favor of Thornton's widow.[7]

■ In these circumstances we find that there is lacking the kind of evidence which a reasonable mind might find adequate to support the Board's determination that the climbing of the tower was not a crucial precipitating factor in Thornton's death. Whether "crucial" or not the evidence shows that the exertion of climbing the tower was a precipitating factor in Thornton's death, and this bolsters the statutory presumption that the death arose out of and in the course of Thornton's employment.[8] The superior court erred in granting judgment for appellees in this action by appellant to set aside the Board's order denying compensation.

Appellees contend that this appeal was not timely because notice of appeal was not filed until 33 days after entry of the judgment of the court below.

■ The time within which an appeal may be taken to this court is 30 days from the entry of the judgment appealed from, "except that in any action in which the state or an officer or agency thereof is a party, the time as to all parties shall be sixty (60) days * * *."[9] In this case the Alaska Workmen's Compensation Board, an agency of the state, was made a party defendant as provided by statute.[10] The appeal was timely because taken within 60 days from the entry of the judgment appealed from.

Appellee also contends that we should not consider the second of appellant's two specifications of error because it contains two separate allegations of error stated alternatively.[11] Appellee relies on our decision in Parks v. Brown,[12] where we said that

5. AS 23.30.120(1).

6. Travelers Ins. Co. v. Donovan, 95 U.S. App.D.C. 331, 221 F.2d 886, 888 (1955); Hartford Acc. & Indem. Co. v. Cardillo, 72 App.D.C. 52, 112 F.2d 11, 13, cert. denied, 310 U.S. 649, 60 S.Ct. 1100, 84 L. Ed. 1415 (1940).

7. Vinson v. Einbinder, 113 U.S.App.D.C. 246, 307 F.2d 387, 388 (1962), cert. denied Aetna Cas. & Sur. Co. v. Vinson, 372 U.S. 934, 83 S.Ct. 880, 9 L.Ed.2d 765 (1963); Hartford Acc. & Indem. Co. v. Cardillo, supra note 6.

8. See Hartford Acc. & Indem. Co. v. Cardillo, supra note 6.

9. Supreme Ct. R. 7(a).

10. AS 23.30.125(c) provides in part: If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings brought by a party in interest against the board in the superior court.
This provision was amended by SLA 1965, ch. 32 by providing that the injunction proceedings should be brought not only against the board but also against "all other parties to the proceedings before the board."

11. Appellant's second specification of error reads as follows:
The court erred in not applying the correct rule of Workmen's Compensation law, to-wit:
"to hasten death is to cause it" or, if such rule was applied, then it was applied incorrectly in the light of the evidence presented and the law applicable to said evidence.

12. 368 P.2d 220, 221 (Alaska 1962).

A specification of error which sets out more than one error is improper and does not need to be considered by this court.

We have held in this case that the finding of the Workmen's Compensation Board was not supported by substantial evidence, which was what appellant urged in her first specification of error. This disposes of the appeal, so we need not decide whether the second specification of error was or was not properly stated.

The judgment of the superior court is reversed. The case is remanded to the superior court with directions for a further remand to the Alaska Workmen's Compensation Board for the awarding of compensation to appellant because of her husband's death.