EMPLOYERS COMMERCIAL UNION IN-
SURANCE COMPANIES, a Foreign Cor-
poration and Stack Steel Company of Alas-
ka, Appellants,

v.

Bernard W. SCHOEN and Alaska Work-
men's Compensation Board,
Appellees.

No. 2616.

Supreme Court of Alaska.

Oct. 8, 1976.

Timothy M. Stone, of Hagans, Smith & Brown, Anchorage, for appellants.

William M. Erwin, Anchorage, for appellees.

Before BOOCHEVER, Chief Justice and RABINOWITZ, CONNOR and BURKE, Justices.

## OPINION

PER CURIAM.

As a result of a prior appeal from a Workmen's Compensation award issued to Bernard W. Schoen, we affirmed a superior court decision remanding the case to the Alaska Workmen's Compensation Board (AWCB) for the purpose of permitting cross-examination of the doctor whose testimony had been presented by means of a written report.[1] The employer thereafter waived cross-examination. The AWCB reiterated its original findings of fact, conclusions of law and order awarding compensation. The employer again appealed, and the superior court affirmed the Board's award. The case was again appealed to this court.

The employer contends that the Board's decision contained no finding that Schoen suffered an accidental injury and that the superior court erred in affirming the

---

1. The facts and background of this case are set forth in our prior opinion, *Employers*

*Commercial Union Ins. Group v. Schoen,* 519 P.2d 819 (Alaska 1974).

award because the Board's decision was not supported by substantial evidence.

· We affirm the superior court's judgment which in turn affirmed the award of the AWCB.

■ The Board's decision outlined in detail evidence indicating that Mr. Schoen's work involved unusual physical and mental strain.[2] The Board stated that "the conditions under which applicant was working caused him to become ill and that his illness arose out of his employment". The employer seizes upon the references to the terms "ill" and "illness". It is apparent from the entire opinion, however, that those terms were used to describe the onset of a "nontransmural myocardial infarct", commonly referred to as a heart attack. Under similar circumstances, we found a heart attack to be within the statutory presumption of compensability of accidental injuries under the Alaska Workmen's Compensation Act.[3]

■ The principal medical evidence supporting Schoen's claim was in the form of a written report by Dr. Prouty. The Board favors the reception of medical evidence in the form of written reports. [8 AAC 45.080(c)] This provision, however, must be construed in conformance with the statutory requirement of AS 44.62.460(d) that in administrative hearings:

> Hearsay evidence may be used to supplement or explain direct evidence but is not sufficient by itself to support a finding unless it would be admissable over objection in a civil action.

Here the medical report supplemented and explained the testimony of Mr. Schoen and two fellow employees.

■ There was evidence that the onset of Mr. Schoen's disability occurred during his employment. There was also medical evidence that he suffered a heart attack. No evidence was presented to overcome the statutory presumption that the claim came under the provisions of the act.[4]

Employers also contends that the medical evidence concerning the causal connection between Schoen's work and his injury was not sufficiently certain. Dr. Prouty categorically stated that he believed "Mr. Schoen had a nontransmural myocardial infarct". His language concerning causation, however, was couched in more equivocal terms: "It is conceivable, though by no means certain".[5] In view of the pre-

---

2. Without the medical evidence objected to, the testimony of Schoen and his fellow employees would support the following: that working conditions at Stack Steel were unusual and led to abnormally heavy physical exertion; that Schoen was engaged in heavy labor and unusual exertion on July 15, 1970; that Schoen was also under job-related mental strain at the time; that Schoen's past history included severe heart trouble; that on the afternoon of July 15, 1970, Schoen became noticeably "ill", feeling a tightening of the chest, among other symptoms; that he sought permission to go home but was discouraged from leaving the job; that the feeling of illness continued uninterrupted through the next day when Schoen experienced severe chest pains which led to his hospitalization; this hospitalization included intensive care for eight days and further hospitalization for two weeks thereafter; that as a result, the doctor would not allow Schoen to return to work and had not given permission for Schoen to take any "heavy" job.

3. *Thornton v. Alaska Workmen's Compensation Board*, 411 P.2d 209, 211 (Alaska 1966).

4. AS 23.30.120 provides in part:

    In a proceeding for the enforcement of a claim for compensation under this chapter it is presumed in absence of substantial evidence to the contrary, that (1) the claim comes within the provisions of this chapter;
    · · ·

    *See Fireman's Fund American Ins. Cos. v. Gomes*, 544 P.2d 1013, 1017 (Alaska 1976); *Anchorage Roofing Co., Inc. v. Gonzales*, 507 P.2d 501, 504 (Alaska 1973); *Beauchamp v. Employers Liability Assurance Corp.*, 477 P.2d 993, 997 (Alaska 1970); *Thornton v. Alaska Workmen's Compensation Board*, 411 P.2d 209, 211 (Alaska 1966).

5. Prof. Larson in 3 Larson, Workmen's Compensation Law, § 80.32 at 15–429 states:
    The distinction between probability and possibility should not follow too slavishly

sumption of compensability, we need not reach this issue.

The judgment of the superior court is affirmed.

AFFIRMED.

ERWIN, Justice, did not participate.

the witnesses' choice of words, as sometimes happens in respect to medical testimony. A doctor's use of such words as "might", "could", "likely", "possible", and "may have", particularly when coupled with other credible evidence of a nonmedical character, such as a sequence of symptoms or events corroborating the opinion, is in most states sufficient to sustain an award.

*See INA Life Ins. Co. v. Brundin*, 533 P.2d 236, 243–45 (Alaska 1975).