**PROVIDENCE WASHINGTON, INC., and Club Bar & Cafe, Appellants,**

v.

**Margie Rhodes FISH, Appellee.**

**No. 3661.**

Supreme Court of Alaska.

Aug. 4, 1978.

Ronald T. West, Anchorage, for appellants.

William M. Erwin, Anchorage, for appellee.

OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR and BURKE, JJ., and DIMOND, J. Pro Tem.

PER CURIAM.

The superior court ruled that there was substantial evidence to support a finding by the Alaska Workmen's Compensation Board that Margie Fish had a total loss of earning capacity and was entitled to payment of compensation for permanent total disability. Despite appellants' argument that the court erred, we find, on a review of the record, which includes detailed and explicit findings of the Board, that the superior court was correct.

In finding that Ms. Fish's disability was permanent and total, the Board stated:

> We conclude from the medical reports that appellee probably did have a prior tendency to be hypertensive or hysterical or emotional but that these characteristics did not cause her disability from work prior to injury and since injury they have combined with the pain and restrictions caused by the injury to bring about continuing disability.

Appellants argue that the Board was in error in considering Ms. Fish's emotional condition because under *Brown v. Northwest Airlines*, 444 P.2d 529, 533 (Alaska 1968), only a traumatic neurosis could be considered in awarding compensation, and Ms. Fish's psychological or emotional disorders did not rise to the level of a traumatic neurosis.

This argument has no merit. It is true that *Brown, supra* at 533, held that "disability flowing from traumatic neurosis is compensable." But *Brown* also held that

> . . . the appellant is entitled to compensation if the work-connected accident or injury "aggravated, accelerated or

combined with *the disease or infirmity* to produce . . . disability, . . .." (emphasis added) *Id.*[1]

Thus, the Board could rely on evidence of Ms. Fish's psychological or emotional disorders or infirmities to find that, when combined with other factors such as her work-connected back injury, she was permanently and totally disabled.

The decision of the superior court, affirming the decision of the Alaska Workmen's Compensation Board, is affirmed.

---

1. *See also, Thornton v. Alaska Workmen's Compensation Board*, 411 P.2d 209, 211 (Alaska 1966).