BURGESS CONSTRUCTION COMPANY and Commercial Union Assurance Companies, Appellants,

v.

William S. SMALLWOOD, Appellee.

No. 4502.

Supreme Court of Alaska.

Feb. 6, 1981.

---

Sanford M. Gibbs, Hagans, Smith, Brown, Erwin & Gibbs, Anchorage, for appellants.

Millard F. Ingraham, Rice, Hoppner, Hedland, Fleischer & Ingraham, Fairbanks, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.*

## OPINION

CONNOR, Justice.

This worker's compensation case is before this court for the second time, after an extensive history of proceedings. Treating the present appeal as a petition for review, see *City and Borough of Juneau v. Thibodeau*, 595 P.2d 626, 628–29 (Alaska 1979), we hereby grant review.[1]

William S. Smallwood first filed a claim for worker's compensation in October of

---

* This case was submitted to the court for decision prior to Justice Boochever's resignation.

1. After the notice of appeal was filed, but before any briefs were submitted, we decided *City and Borough of Juneau v. Thibodeau*, 595 P.2d 626 (Alaska 1979), which held that, where the superior court, sitting as an intermediate appellate court, reverses the decision of a lower court or administrative agency and remands for further proceedings the decision is not an appealable final judgment. That is the precise posture of this case. We grant review since *Thibodeau* was not published when appellants filed their notice of appeal and because the case has been fully briefed.

1973, alleging that his employment as a truckdriver with Burgess Construction Company contributed to the acute renal failure he suffered in 1970, necessitating the surgical removal of both kidneys. At the first hearing before the Worker's Compensation Board on June 4, 1974, Burgess objected to Smallwood's introduction of medical reports absent an opportunity to cross-examine the physicians who made the reports. Although the medical reports were admitted, the Board expressly disavowed any consideration of, or reliance on, them in reaching the decision to award compensation to Smallwood. The matter was appealed to the superior court, which held that Burgess had waived its right to cross-examine Smallwood's physicians and ordered the case remanded to the Board for reconsideration on the basis of all the evidence, including the medical reports.[2] In *Commercial Union Cos. v. Smallwood*, 550 P.2d 1261 (Alaska 1976), we modified the superior court's remand to the Board to include the right to cross-examine Smallwood's medical experts and to adduce additional medical evidence. This brings us to the facts and proceedings which are of concern in the present case.

Smallwood worked as a truckdriver for Burgess from 1964 until his hospitalization for acute renal failure in July, 1970. That Smallwood had a history of renal dysfunction, beginning years before his employment with Burgess, is without dispute. Smallwood's claim before the Board was based on his theory that hypertension, exacerbated by his working conditions, aggravated his pre-existing kidney condition to produce acute renal failure.

On remand, the Board relied on testimony from the previous hearing and the depositions of Dr. Henry Tenckhoff and Dr. William Bennett. Dr. Tenckhoff, a kidney specialist who examined Smallwood after his kidney failure, testified that in his opinion Smallwood's kidney failure was caused by malignant hypertension. Hypertension can be controlled with proper medical treatment and a low salt diet. Smallwood's

medical records indicate there has been a noticeable rise in his blood pressure since 1968, developing into malignant hypertension by 1970. Dr. Tenckhoff was of the opinion that Smallwood's working conditions accelerated his hypertension since he had little opportunity to see a physician or maintain the proper diet while on the road. Thus, he concluded that "working conditions played a significant role in Mr. Smallwood's hypertension and therefore in his renal disease."

The defendant's medical expert, Dr. Bennett, also a kidney specialist, believed that Smallwood's acute kidney failure resulted from a natural progression of his preexisting condition, which was "probably" not aggravated or accelerated by his employment conditions.

The Board issued its decision and order denying Smallwood compensation on November 1, 1977. Following a fairly extensive review of the evidence, the Board found that "[n]either Dr. Tenckhoff nor Dr. Bennett can say to a reasonable degree of medical probability that applicant's kidney failure was caused by his employment," and concluded that Smallwood's kidney failure was not related to his employment but was "the natural progression of a disease which he has had for many years." Smallwood appealed this decision to the superior court which reversed and remanded for a determination of the extent of Smallwood's disability. The superior court determined that the Board failed to apply the statutory presumption of coverage and improperly placed the burden on Smallwood to establish that his disability was work related. Applying the correct standard and presumption, the court itself independently analyzed the evidence before the Board and concluded that there was no substantial evidence to overcome the presumption of coverage. Burgess appeals from this decision.

We agree with the superior court's legal conclusion that the Board applied an incorrect standard in denying compensation to Smallwood, but find that the court erred in

---

**2.** On remand prior to our decision, the Board again awarded compensation to Smallwood.

independently evaluating the evidence and reaching its own conclusion of compensability. Thus, we remand to the Board once again for reconsideration.

██ It is well established in worker's compensation law

"that a preexisting disease or infirmity does not disqualify a claim under the work-connection requirement if the employment aggravated, accelerated, or combined with the disease or infirmity to produce the death or disability for which compensation is sought."

*Thornton v. Alaska Workmen's Compensation Board*, 411 P.2d 209, 210 (Alaska 1966). *See also Ketchikan Gateway Borough v. Saling*, 604 P.2d 590, 595–96 (Alaska 1979); *Hawkins v. Green Associated*, 559 P.2d 118, 119 (Alaska 1977); *Beauchamp v. Employers Liability Assurance Corp.*, 477 P.2d 993, 997 (Alaska 1970); 1 A. Larson, *Workmen's Compensation Law* § 12.20 at 276 (1978). Smallwood's theory is that his employment conditions, particularly his work on the haul road to the North Slope, aggravated his pre-existing renal dysfunction by preventing him from getting proper medical attention and maintaining a low salt diet necessary to control hypertension, which accelerated his ultimate renal failure. Such aggravation or acceleration must be presumed in the absence of substantial evidence to the contrary.[3] *Rogers Electric Co. v. Kouba*, 603 P.2d 909, 911 (Alaska 1979); *Beauchamp v. Employers Liability Assurance Co.*, 477 P.2d at 997; *Thornton v. Alaska Workmen's Compensation Board*, 411 P.2d at 211. Substantial evidence is such relevant evidence as a reasonable mind would accept as adequate to support the conclusion at issue. *Miller v. ITT Arctic Services*, 577 P.2d 1044, 1046 (Alaska 1978). Thus, applying the proper standards, the Board's inquiry should have been whether there was in the evidentiary record before it such relevant evidence as it could reasonably ac-

cept in support of a conclusion that Smallwood's employment conditions neither aggravated nor accelerated his renal dysfunction. Our review of the Board's decision leads us to conclude that it failed to apply the proper legal standard in reaching its decision that Smallwood's claim was not work related.

Nowhere in the Board's findings and conclusions is there any mention of the statutory presumption of coverage, or of aggravation or acceleration of a pre-existing condition. The language employed by the Board in its decision suggests that it improperly placed the burden of establishing work-relatedness on Smallwood. Rather than concluding that there was substantial evidence that Smallwood's kidney condition *was not* aggravated or accelerated by his employment, the Board concluded that it was "unable to find that applicant's kidney failure *was* related to his employment for the defendants." (emphasis added).

██ Burgess maintains that the statutory presumption of coverage contained in AS 23.30.120(1) is not applicable in this case, and thus the Board properly placed the burden on Smallwood to establish through medical analysis that his disability was work-related. Burgess contends that this conclusion is mandated by the following language in our prior decision in this case.

"The claim in this case is based on highly technical medical considerations pertaining to the cause of the claimant's renal failure. While valid awards can stand in the absence of definite medical diagnosis, this would appear to be the type of case in which it is impossible to form a judgment on the relation of the employment to the disability without medical analysis."

*Commercial Union Cos. v. Smallwood*, 550 P.2d 1261, 1267 (Alaska 1976). We did not mean by this language to imply, as Burgess suggests, that the statutory presumption of

---

**3.** AS 23.30.120 provides:

"*Presumptions.* In a proceeding for the enforcement of a claim for compensation under this chapter it is presumed, in the absence of substantial evidence to the contrary, that

(1) the claim comes within the provisions of this chapter ..."

compensability in the absence of substantial evidence to the contrary is not applicable in cases such as this. Rather, the quoted language simply acknowledges that before the presumption attaches, some preliminary link must be established between the disability and the employment,[4] and that in claims "based on highly technical medical considerations" medical evidence is often necessary in order to make that connection. As we stated in *Thornton*, "[t]he question in a particular case of whether the employment did so contribute to [aggravate or accelerate] the final result is one of fact which is usually determined from medical testimony." 411 P.2d at 210. But once a prima facie case of work relatedness is made, as it clearly was here by Dr. Tenckhoff's testimony, the Board may not ignore the presumption and allocate the burden of proof to the claimant.[5] Should the company meet its burden of producing substantial evidence that the injury was not work related, the presumption would then drop out, shifting the burden of proving all elements of the claim back to the claimant. *Miller v. ITT Arctic Services*, 577 P.2d 1044, 1046 (Alaska 1978).

■ Moreover, the language in *Smallwood* emphasized by Burgess must be taken in the context of our holding that remand to the Board should include the right of Burgess to cross-examine Smallwood's medical witnesses and "the right of either party to adduce additional medical evidence." 550 P.2d at 1267. In *Fireman's Fund American Insurance Cos. v. Gomes*, 544 P.2d 1013, 1016 (Alaska 1976), we recognized two means by which the presumption could be overcome: (1) affirmative evidence that the injury is not work-related, and (2) elimination of all reasonable possibilities that the injury was work-related. Thus, in order to produce substantial evidence necessary to overcome the presumption, it is imperative that the carrier be given an opportunity to cross-examine the claimant's medical experts and produce its own medical evidence of lack of aggravation or causation.

■ Burgess also argues against application of the presumption in cases where the injury is not shown to have occurred on the job and is not sudden or unexplained, but rather the result of a pre-existing condition which may have been aggravated by the employment. There is nothing in AS 23.30.-120(1) which limits its scope in the manner urged by Burgess. The presumption of compensability found in AS 23.30.120(1) is expressly made applicable to any "proceeding for the enforcement of a claim for compensation under this chapter" of the Worker's Compensation Act. The broad inclusiveness of this language does not mean that the mere filing of a claim gives rise to the presumption of coverage, for, as was previously indicated, there must be some evidence that the claim arose out of, or in the course of, employment before the presumption arises. We have repeatedly applied the presumption in AS 23.30.120(1) to claims of aggravation or acceleration of a pre-existing condition [6] and see no reason to

---

4. See 1 A. Larson, Workmen's Compensation Law § 10.33 at 120–21 (1978). The link is often provided by a mere showing that the injury occurred at work. Larson notes:

> "It is not yet entirely clear what initial demonstration of employment-connection will give the presumption a foothold. Apparently, the idea is to rule out cases in which claimant can show neither that the injury occurred in the course of employment nor that it arose out of it, as where he contracted a disease but has no evidence to show where he got it." (footnote omitted).

*Id.* at 121.

5. When we spoke of the claimant's burden of showing aggravation or acceleration in *Ketchikan Gateway Borough v. Saling*, 604 P.2d 590,

597 (Alaska 1979), we were referring to the making of a prima facie case of work-relatedness and, of course, did not mean to abrogate the statutory presumption of compensation in claims of aggravation or acceleration of a pre-existing condition.

6. See, e. g., *Rogers Elec. Co. v. Kouba*, 603 P.2d 909, 911–12 (Alaska 1979); *Miller v. ITT Arctic Services*, 577 P.2d 1044, 1049 (Alaska 1978); *Beauchamp v. Employers Liab. Assurance Corp.*, 477 P.2d 993, 997 (Alaska 1970); *Thornton v. Alaska Workmen's Compensation Bd.*, 411 P.2d 209, 211 (Alaska 1966).

change that rule now. Therefore, we conclude that the Board erred in failing to apply the presumption that Smallwood's claim was compensable in the absence of substantial evidence that his disability was not aggravated or accelerated by his employment.

In addition to denying Smallwood the proper presumption of coverage, the Board appears to have applied an incorrect test of causation. The Board found that "[n]either Dr. Tenckhoff nor Dr. Bennett can say to a reasonable degree of medical probability that applicant's kidney failure was caused by his employment." We stated in *Ketchikan Gateway Borough v. Saling*, 604 P.2d 590, 597–98 (Alaska 1979), that liability is to be imposed "whenever employment is established as a causal factor in the disability." (emphasis in original). We noted further that a causal factor is a legal cause if "it is a substantial factor in bringing about the harm" or disability at issue. (emphasis in original). *Id.* at 598. Further, as we have indicated earlier in this opinion, a claim is compensable upon a showing that the " 'employment aggravated, accelerated, or combined with' . . . [a] preexisting condition to produce disability." *Id.* at 597. Thus the causation question before the Board was whether Smallwood's employment aggravated, accelerated or combined with his preexisting condition so as to be a substantial factor in bringing about his disability. Since there is no indication that the Board employed this causal standard, we agree with the superior court that remand to the Board, in order to apply this standard, is appropriate.

We cannot, however, affirm the superior court's reversal of the Board's order denying compensation on the ground that there is an absence of substantial evidence to overcome the presumption any more than we can uphold the Board's order on a finding of substantial evidence to support its decision that Smallwood's injury is not compensable. It is well established that

the question of whether employment aggravated or accelerated a pre-existing disease or injury is one of fact to be determined by the Board and it is not the function of the court to reweigh the evidence or choose between competing inferences. *Miller v. ITT Arctic Services*, 577 P.2d 1044, 1049 (Alaska 1978); *Interior Paint Co. v. Rodgers*, 522 P.2d 164, 170 (Alaska 1974); *Beauchamp v. Employers Liability Assurance Corp.*, 477 P.2d 993, 997 (Alaska 1970). In accordance with this principle, a reviewing court is limited to a determination of whether the Board's findings are supported by substantial evidence. *Ketchikan Gateway Borough v. Saling*, 604 P.2d 590, 593 n.8 (Alaska 1979); *Beauchamp*, 477 P.2d at 997. This standard of review has applicability, however, only where the Board has applied the proper legal test in reaching its findings. *See Riddle v. Broad Crane Engineering Co.*, 218 N.W.2d 845, 846–47 (Mich. Ct.App.1974). Where, as here, the Board's findings are based on an erroneous standard of law, it is impossible to ascertain whether the findings and conclusions would have been the same irrespective of the misconception of the law. For this reason, we vacate the order of the superior court and remand to the Board for reconsideration upon the record already made in accordance with the standards we have enunciated herein.[7]

VACATED and REMANDED.

---

7. Appellant's remaining contention, that Smallwood's claim for acute renal failure does not constitute an "accidental injury" or "occupational disease" within the coverage of the Worker's Compensation Act, should be readdressed to the Board on remand.