UNITED ASPHALT PAVING and Industrial Indemnity Company of Alaska, Appellants,

v.

Arthur SMITH, Jr., the Alaska Workers' Compensation Board, M–K Rivers and Alaska Pacific Assurance Company, Appellees.

No. 5850.

Supreme Court of Alaska.

March 4, 1983.

---

Sanford M. Gibbs, Hagans, Brown & Gibbs, Anchorage, for appellants.

Charles P. Flynn, Burr, Pease & Kurtz, Anchorage, for appellees M–K Rivers and Alaska Pacific Assur. Co.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS and COMPTON, JJ.

## OPINION

MATTHEWS, Justice.

This appeal concerns a dispute between two workers' compensation insurance carriers as to which is liable for the payment of disability compensation to Arthur Smith, Jr., a worker who suffered successive injuries while working for different employers.

Alaska Pacific Insurance Company was the carrier for M–K Rivers, Smith's employer at the time he was initially injured. Industrial Indemnity Company of Alaska was the carrier for United Asphalt Paving, Smith's employer at the time of his most recent injury.

■ After a hearing on Smith's application for disability benefits, the Alaska Worker's Compensation Board filed a decision concluding that United Asphalt, Industrial Indemnity's insured, was liable for the disability compensation here in dispute. That decision was affirmed in superior court. The Board's findings of fact and conclusions of law are set forth here, for they present a factual background and demonstrate the necessity of a remand.

The applicant suffered a low back injury on September 8, 1975, while moving a 55 gallon barrel of oil during the course and scope of his employment with M–K Rivers. He was paid 25 weeks and 5 days of temporary total disability compensation. On March 9, 1976, Mr. Smith was released to his usual work and full activity by Dr. Rhoda. Dr. Rhoda, the treating physician while the applicant was in California, stated that Mr. Smith was fully recovered without any visual residuals.

... On September 25, 1976, [Mr. Smith] went to work for United Asphalt. On September 28, 1976, he pushed a roller weighing 400 to 500 pounds up a steep incline. He felt increased pain in his back. He could not finish work for that day. He saw Dr. Burtis on September 29, 1976, who diagnosed low back strain. The applicant remained in bed for 3 weeks. He consulted Dr. Kiester on October 20, 1976, who diagnosed an acute L–5 facet strain. He was released for work on February 1, 1977. He worked sporadically as his condition permitted until surgery was performed in December, 1978. He has worked only a portion of 1979.

Dr. Kiester testified that the disc had ruptured prior to September, 1976. Dr. Kiester also testified that:

Well, I felt that he probably had herniated nucleus pulposus from my history and physical examination, and apparently this was Dr. Wichman's diagnosis also. *So it would seem possible that this was an aggravation of a previous disc rupture.* (Emphasis added)

Considering the nature of the applicant's activity immediately preceding the onset of symptoms, we find an aggravation occurred on September 28, 1976, while the applicant was employed by United Asphalt.

The applicant is entitled to temporary total disability benefits for the initial period of disability following the September 28, 1976, injury which should be paid by United Asphalt.[1]

It is apparent that the Board's decision was based solely on a finding that Smith's previous disc rupture had been aggravated by an injury occurring while he was employed by United Asphalt. This was an insufficient basis for holding United Asphalt liable.

In *Ketchikan Gateway Borough v. Saling,* 604 P.2d 590 (Alaska 1979), we adopted the "last injurious exposure rule," which "imposes full liability on the employer at the time of the most recent injury that bears a causal relation to the disability." 604 P.2d at 595 (citing 4 A. Larson, The Law of Workmen's Compensation § 95.12 (1979)). Under this rule there are two distinct determinations which must be made: (1) whether employment with the subsequent employer "aggravated, accelerated, or combined with" a pre-existing condition; and, if so, (2) whether the aggravation, acceleration or combination was a "legal cause" of the disability, i.e., "a substantial factor in bringing about the harm." 604 P.2d at 597, 598; *see also Fluor Alaska, Inc. v. Peter Kiewit Sons' Co.,* 614 P.2d 310, 312–13 (Alaska 1980). Unless both of the above questions are answered in the affirmative, the subsequent employer is not responsible for the employee's disability compensation.

Here the Board failed to answer the question as to causation. It is entirely possible that Smith's employment with United Asphalt aggravated his pre-existing back injury but was not a substantial factor in bringing about his disability. We must therefore remand this case to superior court with directions to remand to the Board for additional findings in accordance with this opinion. The Board shall reopen the evidence if it deems it necessary.

REVERSED and REMANDED.

---

1. The Board ordered United Asphalt to reimburse M–K Rivers for temporary total disability benefits it had already paid to Smith. The parties contest the Board's authority to order such reimbursement. However, in view of our conclusion that a remand is necessary, we need not reach that issue at this time.