PROVIDENCE WASHINGTON INSUR-ANCE COMPANY and Chugach Electric Association, Appellants,

v.

Lester BONNER, Industrial Indemnity Company of Alaska and The Alaska Worker's Compensation Board, Appellees.

No. 7308.

Supreme Court of Alaska.

April 13, 1984.

Robert C. Erwin, Erwin, Smith & Garnett, Anchorage, and Patricia L. Zobel, Schaible, Staley, DeLisio & Cook, Inc., Anchorage, for appellants.

Chancy Croft, Anchorage, for appellee Lester Bonner.

Richard L. Wagg, Faulkner, Banfield, Doogan & Holmes, Anchorage, for appellee Industrial Indemnity Company of Alaska.

Robert Landau, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee Alaska Worker's Compensation Board.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MATTHEWS, Justice.

### I. CASE HISTORY

Lester Bonner was a lineman with the Chugach Electric Association. In 1978, Bonner slipped while working and injured his back. He was disabled for about three weeks and returned to work "with no further difficulties." On October 5, 1979, Bonner suffered a second on-the-job injury. He was out of work for about three weeks. He returned for a week, and then took six weeks vacation because he was still sore. He returned to work on January 10; he suffered increasing pain; he ultimately was disabled by the pain and did not return to work after March 10, 1980.

Chugach Electric Association switched workers' compensation carriers on January 1, 1980; Providence Washington replaced Industrial Indemnity. Providence Washington paid Bonner worker's compensation benefits following his disability beginning in March, 1980, until April, 1981, when it ceased payments, evidently because it decided that the disability had nothing to do with Bonner's employment in 1980. Bonner thereupon filed a claim for compensation with the Workers' Compensation Board.

A hearing on Bonner's claim was held on September 10, 1981. That Bonner was disabled and entitled to benefits was not disputed. The sole matter in dispute at the hearing was which Chugach worker's compensation insurance carrier was liable for the payments.

Bonner's medical records, his deposition, and the deposition of one of his doctors were admitted into evidence at the hearing. In addition, Bonner testified.

The Board concluded that once an employee establishes a preliminary link between his disability and employment, in a case involving aggravation of pre-existing conditions, "the last employer [or, as the case may be, the last insurer in single-employer situations such as this] must come forward with substantial evidence that the last employment was not a substantial fac-

tor in bringing about the employee's disability."

The Board found that "sufficient evidence has been produced to establish a preliminary link between the employee's disability and his employment after January 1, 1980." It further found that "Providence Washington has failed to produce evidence overcoming the presumption. Providence Washington produced evidence that the October 1979 incident was a substantial factor, but evidence was not produced showing that employment after January 1, 1980, was *not* a substantial factor contributing to his disability."

The Board found Providence Washington liable for Bonner's compensation benefits, and the superior court affirmed.

## II. PRESUMPTION OF COMPENSABILITY

On appeal to this court, Providence Washington argues that, in general, no presumption of compensability arises in the absence of a specific traumatic event, where there is a pre-existing condition. In the absence of a trauma, there must be a "demonstrated physical change," the insurer argues, or there is no preliminary link between the disability and the current employment. Applying these standards, Providence Washington concludes there is not substantial evidence to support the Board's findings.[1]

In our view, Providence Washington's argument equates the "preliminary link" necessary to establish the presumption of compensability with the "substantial evidence" required on appeal to support the Board's decision in cases where the presumption has been rebutted. Such a characterization is erroneous.

We discussed the nature of the showing necessary to establish a "preliminary link" sufficient to give rise to the presumption of

compensability in *Burgess Construction Co. v. Smallwood*, 623 P.2d 312, 315–16 (Alaska 1981):

> Burgess maintains that the statutory presumption of coverage contained in AS 23.30.120(1) is not applicable in this case, and thus the Board properly placed the burden on Smallwood to establish through medical analysis that his disability was work-related. Burgess contends that this conclusion is mandated by the following language in our prior decision in this case.
>
> "The claim in this case is based on highly technical medical considerations pertaining to the cause of the claimant's renal failure. While valid awards can stand in the absence of definite medical diagnosis, this would appear to be the type of case in which it is impossible to form a judgment on the relation of the employment to the disability without medical analysis."

*Commercial Union Cos. v. Smallwood*, 550 P.2d 1261, 1267 (Alaska 1976). We did not mean by this language to imply, as Burgess suggests, that the statutory presumption of compensability in the absence of substantial evidence to the contrary is not applicable in cases such as this. Rather, the quoted language simply acknowledges that before the presumption attaches, some preliminary link must be established between the disability and the employment, and that in claims "based on highly technical medical considerations" medical evidence is often necessary in order to make that connection. As we stated in *Thorton*, [*v. Alaska Workmen's Compensation Board* 411 P.2d 209 (Alaska 1966) ] "[t]he question in a particular case of whether the employment did so contribute to [aggravate or accelerate] the final result is one of fact which is usually determined from

---

1. Providence Washington does not dispute Industrial Indemnity's assertion, and the Board's finding, that it failed to present substantial evidence that Bonner's employment after January 1, 1980 was not a substantial cause of his disability. Accordingly, under the last injurious exposure rule, full liability for Bonner's disability falls on Providence Washington if the presumption attached to Bonner's claim. *Ketchikan Gateway Borough v. Saling*, 604 P.2d 590 (Alaska 1979). Providence Washington does not argue in this court that Bonner's claim for compensation related solely to his employment prior to January 1, 1980.

medical testimony." 411 P.2d at 210. But once a prima facie case of work relatedness is made, as it clearly was here by Dr. Tenckhoff's testimony, the Board may not ignore the presumption and allocate the burden of proof to the claimant. Should the company meet its burden of producing substantial evidence that the injury was not work related, the presumption would then drop out, shifting the burden of proving all elements of the claim back to the claimant. *Miller v. ITT Arctic Services,* 577 P.2d 1044, 1046 (Alaska 1978). [Footnotes omitted.]

 In this passage, we noted that the necessary "preliminary link" was established by expert testimony that working conditions had accelerated the pre-existing condition. 623 P.2d at 316. Similarly, in the other post-*Smallwood* cases (none of them relying solely upon the presumption of compensability to establish a claim) in which aggravation or acceleration has been involved, there has been either a specific traumatic event or expert testimony pointing to a possible causal link between the disability and the aggravation.[2] However, such a showing has not been held neces-

sary as a matter of law merely to establish the presumption of compensability. *See Burgess Construction Co. v. Smallwood,* 623 P.2d at 316–17.[3] Providence Washington's contention that the presumption of compensability cannot attach in the aggravation/acceleration context without a specific traumatic event or a "demonstrated physical change" is without merit. All that is at issue in cases where the presumption alone is relied upon to support an award of compensation, and where there is no substantial evidence to rebut the presumption, is whether the Board's decision to apply the presumption is erroneous. Given the testimony and evidence in this case,[4] and the Board's familiarity with the medical issues involved,[5] the Board's determination that the presumption attached was not error. Therefore, since it is not contested by Providence Washington that it failed to rebut the presumption with substantial evidence, the Board's decision on the merits must be affirmed.

### III. ATTORNEY'S FEES

 The superior court awarded full attorney's fees in the amount of $1,250 for

2. *See United Asphalt Paving v. Smith,* 660 P.2d 445 (Alaska 1983) (worker felt increased pain while pushing roller; testimony by doctor that "it would seem possible that this was an aggravation of a previous disc rupture"); *Parker Drilling Co. v. Wester,* 651 P.2d 842 (Alaska 1982) (no second injury, but doctor testified use of arm accelerated degeneration of pre-existing condition); *Burgess Construction Co. v. Smallwood,* 623 P.2d 312 (Alaska 1981) (no second injury, but expert testimony that "working conditions played a significant role" in disability); *Fluor Alaska, Inc. v. Peter Kiewit Sons' Co.,* 614 P.2d 310 (Alaska 1980) (back "popped" while on the job); *Ketchikan Gateway Borough v. Saling,* 604 P.2d 590 (Alaska 1979) (no second injury, but doctor testified that "having to continue on a job that required heavy manual labor, would accelerate the rate of wear and tear in the shoulder").

3. In *Smallwood* we stated:

Burgess also argues against application of the presumption in cases where the injury is not shown to have occurred on the job and is not sudden or unexplained, but rather the result of a pre-existing condition which may have been aggravated by the employment. There is nothing in AS 23.30.120(1) which limits its scope in the manner urged by Burgess. The

presumption of compensability found in AS 23.30.120(1) is expressly made applicable to any "proceeding for the enforcement of a claim for compensation under this chapter" of the Worker's Compensation Act. The broad inclusiveness of this language does not mean that the mere filing of a claim gives rise to the presumption of coverage, for, as was previously indicated, there must be some evidence that the claim arose out of, or in the course of, employment before the presumption arises.

623 P.2d at 316.

4. Bonner testified both in his deposition and at the hearing that his symptoms worsened after January 1. Dr. Edward Voke testified in his deposition that working conditions such as Bonner's could have aggravated his back injury and could have been a substantial factor in his ultimate disability.

5. Bonner suffered a herniated disc. This is a recurring industrial injury and the Board is familiar with its physiology and its susceptibility to aggravation. *See, e.g., Alaska Pacific Assurance Co. v. Turner,* 611 P.2d 12 (Alaska 1980); *United Asphalt Paving v. Smith,* 660 P.2d 445 (Alaska 1983); *Fluor Alaska, Inc. v. Peter Kiewit Sons' Co.,* 614 P.2d 310 (Alaska 1980).

Bonner's attorney's work in the appeal. Providence Washington asserts that an award of full fees was improper.

We have previously taken the position that attorney's fees on an appeal in a worker's compensation case should be a reasonable fee, *i.e.*, a full fee for the reasonable time and expense of litigating the case on appeal adjusted, if necessary, to reflect the statutory attorney's fee award from the Board. *See Wien Air Alaska v. Arant,* 592 P.2d 352 (Alaska 1979). Given that test, Providence Washington has not demonstrated an abuse of discretion.[6]

AFFIRMED.

RABINOWITZ, Justice, concurring.

I write separately to note that for the first time we are applying the pro-worker presumption of AS 23.30.120(1) to a dispute between insurance companies. We foreshadowed this approach in *Ketchikan Gateway Borough v. Saling,* 604 P.2d 590 (Alaska 1979), which established the "last injurious exposure" rule for assigning liability to successive employers, and *Parker Drilling Co. v. Wester,* 651 P.2d 842 (Alaska 1982), which extended this rule to successive insurance carriers. Today's decision makes clear that when a worker is admittedly disabled and a "preliminary link" connects the injury to the worker's most recent employer or compensation carrier, and that employer or carrier does not come forward with substantial evidence to oppose the statutory presumption of compensability, it will have the entire burden of paying compensation. In other words, carriers in Industrial Indemnity's position can use the statutory presumption against carriers like Providence Washington. In my view the rule adopted today will simplify proceedings before the Board and thus reduce the hazards interinsurer disputes pose for the injured worker.

---

6. The fee awarded for the proceedings before the Board in this case was the "statutory minimum attorneys fees on all compensation due and paid subsequent to March 27, 1981." Bonner's average weekly wage is $1,286.21. The compensation rate for temporary total disability is ⅔ of the average weekly wage, in this case approximately $800 per week. *See* AS 23.30.-185. Statutory attorney's fees, then, would be 25% on the first $1,000 ($250), and 10% of the remainder, or approximately $80 per week. Bonner's fee, then, was at least $80 × 26 weeks = $2,350. Providence Washington has not established that the combined award, $2,350 plus $1,250, was an abuse of discretion.