**Lola RESLER, Appellant,**

v.

**UNIVERSAL SERVICES, INC. and Scott Wetzel Services, and Alaska Workers' Compensation Board, Appellees.**

No. S–2910.

Supreme Court of Alaska.

Sept. 1, 1989.

Michael A. Stepovich, Fairbanks, for appellant.

Richard L. Waller and Alex Vasauskas, Stone, Waller & Jenicek, Anchorage, for appellees.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

BURKE, Justice.

This appeal arises from the denial by the Alaska Workers' Compensation Board (Board) of Lola B. Resler's claim for compensation for shoulder and back injuries she allegedly sustained in the course of her employment as a housekeeper for Universal Services Incorporated (USI). The superior court affirmed the Board's determination. We affirm.

The questions presented are whether the Board erred in denying the claim on the grounds that: (1) Resler failed to present sufficient evidence to establish the "preliminary link" necessary to give rise to the presumption of compensability, and (2) even if Resler had established the presumption of compensability, USI had successfully rebutted the presumption with substantial evidence.

## I. FACTS

Resler worked as a housekeeper at USI's Kuparuk Construction Camp at Prudhoe Bay. On July 25, 1985, while changing the sheets on a bed in her assigned work area, Resler allegedly felt a sharp pain through her right shoulder, across her chest, and in the middle of her back. She did not stop work or seek medical attention.

On July 30, 1985, Lyle Gray, USI's head housekeeper, and Linda Crow, a housekeeper and union shop steward, conducted an inspection of Resler's assigned work area. The next day, Resler was given a written notice of "failure to perform assigned duties." Resler did not mention any injury at that meeting.

Later that day, Resler went to the ARCO medical facility, complaining of pain in her right shoulder, chest and back. The medic prescribed mild analgesics but did not authorize time off from work.

Resler continued to work until August 7, 1985, when she was terminated for inability to perform the job as required. On that day, she apparently signed the following

statement, as required for all USI employees before leaving camp for scheduled leave or upon termination:

> I have had no accident(s) or illness(es) on this job that I have not reported to my employer as of this date.

Resler denies signing this statement.

Resler returned to Fairbanks where she filed a report of injury. On September 5, 1985, she saw Dr. Kurt Merkel about pain in her shoulder. Dr. Merkel recommended that she rest the arm and referred her to a physical therapist.

Resler saw Dr. Merkel again on September 24, 1985; however, performance of a CT scan showed no dislocation. On November 12, 1985, Dr. Merkel declared her shoulder problem resolved and stated that he could not explain Resler's pain completely.[1]

Resler consulted a chiropractor, Dr. Burger, who described her as a "very distraught individual with lots of subjective symptoms." Similarly, Dr. Merkel concluded that Resler had a "significant psychological overlay"[2] which may have contributed to her problem.

After a hearing, the Board held that Resler's testimony was the only evidentiary link between her injury and her employment. It further held that Resler was not a credible witness. As a result, the Board concluded that Resler did not establish a preliminary link between her injury and her employment and that the statutory presumption of compensability did not attach. In denying Resler's claim, the Board stated:

> Even if we found the statutory presumption attached, we would find that Employer presented substantial evidence to overcome the presumption. This evidence includes the depositions of Lyle Gray and Linda Crow, the testimony of David Wright and Lynn Blevins and the

medical reports and testimony of Dr. Merkel and Dr. Burger. Weighing all the evidence, we would find that Employee did not prove her case by a preponderance of the evidence.

The superior court affirmed the Board's decision. Resler appealed.

## II. THE PRELIMINARY LINK

Resler claims the Board erred in determining that her testimony was the only evidence of a link between her injury and her employment, that her testimony was not credible, and that she failed to establish the preliminary link necessary before the presumption of compensability attaches.

■ The Alaska Workers' Compensation Act creates a presumption that a claim for compensation falls within its provisions in the absence of substantial evidence to the contrary.[3] Before the presumption attaches, some preliminary link must be established between a claimant's disability and his employment. *Burgess Construction Co. v. Smallwood*, 623 P.2d 312, 316 (Alaska 1981). "The purpose of the preliminary link requirement is 'to rule out cases in which [the] claimant can show neither that the injury occurred in the course of employment nor that it arose out of [it].' " *Cheeks v. Wismer & Becker/G.S. Atkinson*, 742 P.2d 239, 244 (Alaska 1987) (quoting 1 A. Larson, *The Law of Workmen's Compensation*, § 10.33, at 121 (1978)).

■ Merely filing a claim for compensation does not give rise to the presumption of coverage. *Smallwood*, 623 P.2d at 316. However, the claimant need only present "some evidence that the claim arose out of, or in the course of, employment before the presumption arises." *Id.* at 316. A mere showing that the injury occurred at work will often suffice to make the employment connection. *Id.* at 316 n. 4. In making its preliminary link determination, the Board

---

**1.** In addition, several other doctors ordered various diagnostic tests which failed to reveal an objective basis for Resler's pain.

**2.** This term indicates a psychological, as well as a physical, component to Resler's complaints.

**3.** AS 23.30.120(a)(1) provides:

> In a proceeding for the enforcement of a claim for compensation under this chapter it is presumed, in the absence of substantial evidence to the contrary, that
> (1) the claim comes within the provisions of this chapter[.]

need not concern itself with the witnesses' credibility.

In *Cheeks*, we held that the Board erred in determining that Cheeks failed to present sufficient evidence to establish the preliminary link necessary to give rise to the presumption of compensability. 742 P.2d at 244. The Board expressed its belief that the case turned on the credibility of Cheeks and his wife, and specifically found that neither was a credible witness. *Id.* at 243. Upon review of the record, we were persuaded that Cheeks had produced some evidence that the claim arose out of his employment. We found Cheeks' own testimony, corroborated in part by his roommate, his partner, and his doctor, to be sufficient evidence to establish the preliminary link. *Id.* at 243–45. We also noted that further corroboration of Cheeks' injury was found in a medic's diagnosis and a report of injury completed by the shop steward. *Id.* at 245, n. 7.

■ Resler's testified that she experienced pains on the job, and complained to the medic. Cella Jukonovich, Resler's roommate at the time of the alleged injury, testified that Resler had not mentioned any specific injury or accident. Instead she complained of heavy work on the job. The ARCO medic reported that she complained of pain. Dr. Merkel testified his findings were based primarily on what the patient told him. In his opinion, she had suffered an injury. Lyle Gray testified that Resler had never complained to him of any injuries. However, Resler told him on the day she was terminated that she had gone to the medic for backaches.

Resler's evidence linking her employment and injury is not as strong as that presented in *Cheeks*. Nevertheless, our review of the record persuades us that Resler has produced some evidence that her claim arose out of her employment as a housekeeper. Therefore, the Board erred in determining that Resler did not establish the

preliminary link. However, we hold that the Board's error was harmless for the reasons stated below.

## III. OVERCOMING THE PRESUMPTION

The Board went on to determine that even if Resler had established a preliminary link between her injury and employment, USI presented substantial evidence to overcome the presumption. Consequently, the Board held that Resler failed to prove her case by a preponderance of the evidence.

■ Once the presumption of compensability has been raised, it is the employer's burden to come forward with substantial evidence that the injury was not work related in order to overcome the presumption. *Cheeks*, 742 P.2d at 244. The employer may overcome the presumption in two ways: (1) present affirmative evidence that the injury was not work related, or (2) eliminate all reasonable possibilities that the injury was work connected. *Id.* at 244; *Fireman's Fund American Ins. Cos. v. Gomes*, 544 P.2d 1013, 1016 (Alaska 1976). If the presumption of compensability has been successfully rebutted by the employer, the Board must then determine whether the employee has proved all elements of his claim by a preponderance of the evidence. *Cheeks*, 742 P.2d at 244.

The Board has the sole power to determine the credibility of a witness. Its evaluation of what weight to accord a witness' testimony, including medical testimony and reports, is conclusive even if the evidence is conflicting or susceptible to contrary conclusions. AS 23.30.122;[4] *Hoth v. Valley Constr.*, 671 P.2d 871, 874 n. 3 (Alaska 1983). "The board's decision will be reversed only if the evidence upon which the decision relies does not reasonably support it, in and of itself, or in light of contrary evidence in the record." *Delaney v. Alas-*

---

4. AS 23.30.122 provides:
 The board has the sole power to determine the credibility of a witness. A finding by the board concerning the weight to be accorded a witness's testimony, including medical testi- mony and reports, is conclusive even if the evidence is conflicting or susceptible to contrary conclusions. The findings of the board are subject to the same standard of review as a jury's finding in a civil action.

*ka Airlines,* 693 P.2d 859, 865, n. 3 (Alaska 1985).

Here, the Board found that the depositions of Lyle Gray and Linda Crow, the testimony of David Wright and Lynn Blevins and the medical reports and testimony of Dr. Merkel and Dr. Burger constituted substantial evidence that Resler's injury was not work related.

Additionally, the Board determined that Resler was not a credible witness, based on Resler's testimony about her injury, her failure to report her injury, and her statements regarding her termination papers. The Board concluded that Resler's lack of credibility, coupled with the testimony of the witnesses, overcame the presumption of compensability. Thus, Resler did not prove her case by a preponderance of the evidence.

We hold that the Board's findings are supported by substantial evidence in the record. *Beauchamp v. Employers Liab. Assurance Corp.,* 477 P.2d 993, 994 (Alaska 1970). The Board did not err in finding that USI overcame the presumption of compensability. Resler failed to prove her case by a preponderance of the evidence.

The decision of the superior court is AFFIRMED.