**M–B CONTRACTING COMPANY, Inc.,
Appellant,**

v.

**Charles C. DAVIS, Appellee.**

**No. 500.**

Supreme Court of Alaska.

Jan. 25, 1965.

Arthur D. Talbot, Anchorage, for appellant.

No appearance for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

AREND, Justice.

By this appeal the appellant employer, M–B Contracting Company, seeks to have reviewed the superior court's award of an attorney's fee to counsel for Charles Davis, the injured workman, for representing Davis in the proceeding before the Alaska Workmen's Compensation Board (hereinafter referred to as the Board) in spite of the fact that the employer was the prevailing party when the award of compensation by the Board was appealed to the superior court. As a consequential proposition, the employer contends that it should have been awarded an attorney's fee and not the injured employee.

We have prepared the following statement of the case from the record before us: Charles Davis sustained a severe head injury on August 26, 1959, while acting in the course and scope of his employment by the appellant. Neither the appellant em-

ployer nor its insurance carrier has ever contended that Davis's injury was not compensable under the Alaska Workmen's Compensation Act.[1] Compensation for temporary total disability was paid by the carrier, who likewise paid, or agreed to pay, the hospital and medical expenses resulting from the injury.

Davis was treated by Dr. Fritz and Dr. Mead. The doctors indicated early in 1962 that Davis's condition had become fixed; whereupon Davis, by his attorney Bay Clark, applied to the Board for a permanent partial disability rating. A hearing was held by the Board on June 13, 1962, at which Davis was represented by his attorney Clark.

Davis and Dr. Mead both testified at the hearing. Additionally the Board had before it two letters from Dr. Fritz and two letters from Dr. Mead. The first letter from Dr. Fritz is dated January 12, 1962, and states that Davis had a combined loss of 18.5% of the hearing in both ears. In the second letter, written two weeks later, Dr. Fritz declined to rate Davis's general disability from the head injuries, over and above the disability from the loss of hearing. Dr. Mead in his first letter, dated February 1, 1962, suggested that Davis had a residual disability of about 16% over and above Dr. Fritz's 18.5% figure for loss of hearing. Dr. Mead's second letter is addressed to Davis's counsel. It is dated June 12, 1962—one day before the hearing. This letter was not formally introduced into evidence, but the carrier's adjuster questioned Dr. Mead about it and from the doctor's answers it became apparent that he rounded off Dr. Fritz's 18.5% figure for loss of hearing to 19% and added to that figure the 16% permanent partial disability of the whole man previously determined by Dr. Mead, thereby arriving at a rating of 35% permanent partial disability of the whole man.

On July 10, 1962, the Board entered its "Order and Award" in which it found (1) that the appellant had made no offer to settle Davis's claim as to permanent partial disability; (2) "that this was and is a controverted claim"; and (3) that Davis "is entitled to 35% permanent partial disability to the whole body." On the basis of these findings the Board ordered the appellant to pay to Davis the sum of $5,950 for 35% permanent partial disability to the whole body and the sum of $745 to Davis's counsel as attorney's fee.

On July 16, 1962, the appellant filed a complaint in the superior court against Davis and the Board as an appeal from the Board's award, contending that the award of a 35% permanent partial disability rating to the whole body was not in accordance with law since there was no competent evidence to support it, and that the award of attorney's fee was excessive and not computed or allowed in accordance with the Workmen's Compensation Act. The appellant prayed that the Board's award be reversed and set aside, and that the appellant recover its costs and a reasonable attorney's fee from Davis and the Board.[2]

The case was submitted to the superior court upon the record and file of the Board, including the transcript of the hearing held before the Board on June 13, 1962, and upon memoranda filed by counsel for the parties. On April 8, 1964, the superior court made and entered findings of fact and conclusions of law in which the court found the facts to be as we have related them above and found further that:

11. There was no evidence, substantial or otherwise, to support a rating of 35% permanent partial disability of the whole man. There was substantial evidence (which has never been disputed by the employer or its compensation carrier) that the claimant [Davis] sustained an 18.5% loss of

1. SLA 1959, ch. 193 [now AS 23.30.005 through 23.30.270].

2. On August 8, 1962, the appellant amended its complaint and appeal to the superior court but not in any respect material to the issues raised here.

hearing, plus a permanent partial disability equivalent to 16% of the whole body, related to head injuries other than loss of hearing.

12. Claimant's [Davis's] counsel rendered substantial services to him in proceedings before the Board, although the compensation carrier did not controvert the fact that the claimant was entitled to compensation or that claimant was entitled to an award of 18.5% loss of hearing, plus a permanent partial disability of 16% of the whole man.

From its findings the trial court concluded that the Board erred in adding a scheduled disability (loss of hearing) to a nonscheduled disability in arriving at an award of 35% disability of the whole man; and that the award should be modified to provide that Davis shall receive $1,295 for loss of hearing plus $2,720 for a 16% permanent partial disability of the whole man, or a total of $4,015 instead of the $5,950 awarded by the Board.[3] With respect to attorney's fees the court concluded that Davis was entitled to an award of $250 to be paid by the compensation carrier over and above the compensation awarded to Davis, "even though there was no controversy at all about compensation payments until after the award entered by the Board on July 10, and although the calculations made by the Board were obviously wrong." The court also concluded that, although the appellant employer was technically entitled to an attorney's fee in connection with the appeal to the superior court, "under all the circumstances existing, it would be unfair to charge the claimant [Davis] with those attorney's fees and, accordingly, each party should bear his own loss with reference to this appeal." The court then entered judgment in conformity with its conclusions of law and particularized in the judgment that the $250 attorney's fee was to be paid

by the employer to Davis's counsel for representing Davis before the Board. The appellant employer has appealed from that portion of the judgment ordering it to pay an attorney's fee of $250 to Davis's counsel and directing that each party bear his own costs in connection with the appeal to the superior court.

The legislature has made special provision in section 26 of the 1959 Workmen's Compensation Act regarding the payment of attorney's fees, here pertinent, as follows:

"(1) * * * Whenever the Board advises that a claim has been controverted, in whole or in part, the Board may direct the fees for legal services be paid by the employer or carrier in addition to compensation awarded, and such fees may be allowed only on the amount of compensation controverted and awarded. Whenever the Board advises a claim has not been controverted, but further advises that bona fide legal services have been rendered in respect of the claim, then the Board shall direct the payment of such fees out of the compensation awarded.

\* \* \* \* \* \*

"(3) If an employer shall fail to file timely notice of controversy or shall fail to pay compensation within 15 days after such became due or shall otherwise resist the payment of compensation, and if claimant shall have employed an attorney in the successful prosecution of his claim, the Board shall make an award to reimburse the claimant for his costs of such proceedings, including a reasonable attorney's fee, which award shall be in addition to compensation ordered.

"(4) If any proceedings are had for review of any compensation order before any court, the court may allow or increase an attorney's fees, which fees shall be in addition to compensa-

---

3. Of the monetary figures appearing in the opinion above, the $1,295 represents 18.- 5% of the $7,000 maximum allowable for total loss of hearing, while the $2,720 represents 16% of the maximum allowable award of $17,000 for permanent partial disability of the whole man.

tion ordered and shall be paid as the court may direct." [4]

We interpret the foregoing provisions of the statute to mean with respect to the instant case that, if there had been no appeal to the superior court from the Board's award, the Board would have had no authority to require the appellant employer or its insurance carrier to pay an attorney's fee to Davis's counsel for services performed in representing Davis before the Board. None of the things happened in this case which would have given the Board power, under the act, to award an attorney's fee against the employer. As pointed out by the appellant, there was no failure on the part of the appellant to file a notice of controversy since there was no controversy until the Board adopted Dr. Mead's rating of 35% permanent partial disability of the whole man. There was no evidence of failure to pay compensation within fifteen days after it became due. Counsel employed by Davis never succeeded in ultimately getting more for Davis than the appellant thought it should pay. And, lastly, there was no compensation controverted and awarded upon which to allow a fee to Davis's counsel.

We find no basis, however, for the appellant's further contention that the superior court likewise lacked statutory authority to assess "attorney's fees against the employer and carrier in essentially uncontroverted cases, or in cases where the carrier should properly be regarded as the prevailing party." The appellant cites no authority in support of its contention and disregards the

plain language of the fourth subdivision of section 26, supra, which reads:

"If any proceedings are had for review of any compensation order before any court, the court may allow or increase an attorney's fees, which fees shall be in addition to compensation ordered and shall be paid as the court may direct." [5]

 The right to tax attorney's fees in compensation cases is purely statutory and the employee, in order to be entitled to such fees and to have them taxed against the employer or the carrier, must bring himself under the statute.[6] The Alaska statutory provision, quoted in the preceding paragraph, as we construe it, authorizes the court, before which a compensation order of the Board is up for review, to exercise its discretion as to whether attorney's fees should be allowed to counsel for the claimant appellee and be taxed against the employer, even though the employee is not successful on the appeal.[7] We hold that the direction by the trial court for the payment of attorney's fees in the amount and manner specified in its judgment was authorized by our statute.

 This leaves only the question of whether the trial court erred in disallowing costs and attorney's fees to the appellant as the prevailing party on the appeal. If the appellant felt that it was entitled to costs in the superior court, Civil Rule 79(a) required that, within ten days after entry of judgment, it serve "on each of the other parties to the action or proceeding a cost bill, together with a notice when application will be made to the clerk to tax costs." The rule also provides that failure of a party to

4. The portions of the Alaska Workmen's Compensation Act relating to the payment of attorney's fees, as quoted in the text above, are set forth in subsections (1), (3) and (4) of section 26, chapter 193, SLA 1959 [now AS 23.30.145(a), (b) and (c)].

5. SLA 1959, ch. 193, § 26(4) [now AS 23.30.145(c)].

6. Fidelity & Cas. Co. of New York v. Kennard, 162 Neb. 220, 75 N.W.2d 553, 562–63 (1956).

7. Cf. Wick Roofing Co. v. Curtis, 110 So. 2d 385 (Fla.1959), in which the court held that, under a Florida statutory provision similar to the Alaska provision under consideration, the allowance of attorney's fees by the appellate court is not made contingent upon success at the appellate level.

serve the cost bill and notice shall be construed as a waiver of his right to recover costs. There is nothing in the record to indicate that the appellant ever served the requisite cost bill and notice; so we find that it waived its right to recover costs.

The appellant's claim of entitlement to attorney's fees as the prevailing party presents a somewhat different problem. In Civil Rule 82 is published a schedule of attorney's fees to be adhered to by the court in fixing such fees as a part of the costs of the action for the party recovering a money judgment therein, "[u]nless the court, in its discretion, otherwise directs * * *." Then there is added this short paragraph:

"Should no recovery be had, attorney's fees for the prevailing party *may be fixed* by the court as a part of the costs of the action, *in its discretion,* in a reasonable amount." [Emphasis added.]

The wording of this paragraph leaves it in the sound discretion of the trial court to decide, first of all, whether the prevailing party should receive an attorney's fee at all.[8] In the instant case the trial court concluded:

The employer should technically be entitled to attorney's fees with reference to its appeal, but, under all the circumstances existing, it would be unfair to charge the claimant with those attorney's fees and, accordingly, each party should bear his own loss with reference to this appeal.

■ The appellant recognizes the broad discretion vested in the superior court by Civil Rule 82 in the matter of awarding attorney's fees,[9] but urges that the court abused its discretion and acted arbitrarily and capriciously in withholding from the prevailing party an attorney's fee. No sufficient showing has been made, nor do we find one in the record, that the trial judge abused his discretion in denying an attorney's fee to the appellant.

This is not a situation in which it might have been said that the injured employee has appealed on frivolous grounds and should therefore be penalized by the taxation of an attorney's fee against him. Instead, it was the employer who had prosecuted the appeal, in this case rightly so, but thereby placing the employee in a position where he had to engage counsel to represent him in the superior court on what was then a debatable question of law. That circumstance added to the fact that the employee, Davis, had suffered a severe head injury resulting in an 18.5% loss of hearing in both ears, plus a 16% permanent partial disability of the whole man, would alone have justified the trial court in refusing to allow and tax an attorney's fee against Davis.

Judgment affirmed.

8. In Ruth v. Von Hickman, 214 Or. 490, 330 P.2d 722 (1958), the Oregon Supreme Court had before it for interpretation a statute employing language somewhat similar to that found in our Civil Rule 82, directing that costs and disbursements shall be allowed in equity suits to the prevailing party unless the court otherwise directs. Said the court, at 726 of 330 P.2d: "Under this statute the trial court may allow or deny costs in its discretion and upon appeal the exercise of such discretion will not be disturbed except for a manifest abuse thereof."

9. See Davidsen v. Kirkland, 362 P.2d 1068 (Alaska 1961), in which we expressed our reluctance to interfere with a trial judge's exercise of his discretion in the matter of awarding attorney's fees; and also Preferred Gen. Agency of Alaska, Inc. v. Raffetto, Opinion No. 214, 391 P. 2d 951 (Alaska 1964), in which this court stated that it would limit review regarding the allowance of attorney's fees to the question of whether the lower court exceeded the bounds of the broad discretion vested in it.