409 So.2d 1147 (1982)
CENVILL COMMUNITIES, INC., and Insurance Company of North America, Appellants,
v.
James A. BROWN, Appellee.
No. AC-346.
District Court of Appeal of Florida, First District.
February 11, 1982.
*1148 Randall J. DeHayes, West Palm Beach, for appellants.
Frank E. Maloney, Jr., Fort Lauderdale, for appellee.
WIGGINTON, Judge.
The carrier appeals a workers' compensation order, arguing that the deputy commissioner erred in awarding Brown temporary total disability benefits and attorney's fees.
Brown suffered an injury on September 18, 1979, when he fell from a ladder while attempting to install a drop ceiling. The carrier acknowledged the accident as compensable.
The deputy commissioner did not err in failing to find Brown had reached maximum medical improvement. The doctor's testimony relating to maximum medical improvement was, at best, equivocal. Further, the carrier never requested a determination of MMI, and it was not necessary for the deputy to reach this issue to resolve the points noticed for hearing.
Where rehabilitation is involved, the date of maximum medical improvement is artifically established by statute after the rehabilitation program has been completed. Section 440.49(1)(e), Florida Statutes (1979) provides that "the date of maximum medical improvement, for purposes of [determining appropriate wage-loss benefits], shall be no earlier than the last day for which such temporary disability benefits are paid." The phrase "such temporary disability benefits" refers to the benefits that carriers are required to pay during a claimant's rehabilitation.
The carrier agreed that because Brown was in a rehabilitation training course at the time of the hearing, it would resume payment of temporary total disability benefits pursuant to that statutory provision. The carrier cannot now argue that the date of maximum medical improvement was a previous date or that Brown should be estopped from receiving temporary total disability payments prior to his rehabilitation schooling for failure to apply for wage-loss benefits.
The carrier argues that a claimant does not qualify for rehabilitation program benefits until such time as he commences the classroom program. Claimant in this case began his efforts to enroll in a rehabilitation program more than five months before his school began. He was assigned to one counselor and referred to another who sought approval of a program by the carrier but was refused. Finally, a written program was approved by the carrier and implemented.
We cannot agree with the carrier's position that the benefits should not be paid during this process. Section 440.49(1)(e) provides that:
temporary disability benefits paid pursuant to § 440.15(2)(a) and (4) shall include such period as may be reasonably required for training in the use of artificial members and appliances, and shall include such period as the employee may be receiving training or education under a rehabilitation program pursuant to paragraphs (1)(a) and (d).
The legislative intent is to have the claimant retrained in order that he again become *1149 productive. The mechanism requires that a carrier pay these school bills and further pay temporary total disability while the claimant is being rehabilitated. This must naturally include the period of counselling and program development necessary to the rehabilitative process. In this way, a claimant can maintain his family without the hardship that permanent impairment/wage-loss status might bring. The obvious intent is to insure that a claimant may devote his energies to the counselling and training program rather than being required to seek stop-gap employment for which he is conditionally suited.
Brown claimed an attorney's fee because the employer/carrier controverted his claim. The deputy found that the employer/carrier were responsible for Brown's attorney's fee because they controverted his claim. He reserved jurisdiction to determine the amount at a subsequent proceeding. In his answer brief, Brown's only argument is that he is entitled to an attorney's fee because his claim was unsuccessfully controverted.
This was error. See Section 440.34(3)(b), Florida Statutes (1979) and (1980). At no time has Brown contended that the employer/carrier was guilty of bad faith nor would the record support this contention. It was necessary that Brown assert in his claim that the basis of his claim for an attorney's fee was bad faith. After the hearing on the merits, the deputy could hold a separate hearing to determine the bad faith issue or the deputy could determine this at a later separate hearing. Embry-Riddle Aeronautical University v. Vestal, 399 So.2d 1033 (Fla. 1st DCA 1981). But the deputy did not intend doing this as clearly expressed in his order nor does Brown contend the deputy intended doing this. The deputy merely intended to determine the amount of the attorney's fee.
We therefore reverse the deputy's award of attorney's fees. Otherwise, the order is affirmed.
ROBERT P. SMITH, C.J., and MILLS, J., concur.