**Roger A. McSHEA and A. Lee Petersen, Appellants,**

v.

**STATE of Alaska, DEPARTMENT OF LABOR, Workers' Compensation Board, and Virgil C. Mays, Appellees.**

No. S–69.

Supreme Court of Alaska.

July 6, 1984.

---

Roger A. McShea, pro se.

A. Lee Petersen, pro per.

Larry D. Wood, Asst. Atty. Gen., Fairbanks, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee Workers' Compensation Board.

Virgil C. Mays, pro se.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and MOORE, JJ.

### ORDER

PER CURIAM.

The Alaska Workers' Compensation Board and the superior court have both refused to enforce a 33⅓% contingent-fee agreement between compensation claimant Virgil Mays and attorneys Roger McShea and A. Lee Petersen. We affirm.

### I.

After teaching carpentry in the Fairbanks school system for several years, Virgil Mays developed a lung disease and retired in 1978. His permanent total disability claim against the Fairbanks North Star Borough School District was denied and dismissed by the Alaska Workers' Compensation Board. When his counsel withdrew from the case, Mays hired attorney McShea, who later arranged for attorney Petersen to assist on an appeal to superior court. Mays and McShea signed a "Professional Employment Contract," which recited that McShea would receive 50% of any recovery obtained.

On appeal, the superior court reversed the Board's denial of compensation for permanent total disability and remanded to the Board. Believing that the Board was primarily responsible for awarding attorney's fees, the superior court awarded $200 in nominal fees for the appeal and $934.58 in costs. Before the hearing mandated by the remand could take place, the parties set-

tled. McShea and Petersen agreed to reduce their contingent fee from 50% to 33⅓% of Mays' recovery. The School District's compensation carrier agreed to pay a total of $80,000 to Mays and his attorneys. Under the terms of the proposed distribution, then, Mays was to receive $53,333 and the attorneys $26,667.

But the Alaska Workers' Compensation Board must receive copies of all settlements, AS 23.30.012, and the parties' attorney's fees arrangements were subject to Board approval. AS 23.30.145, AS 23.30.-260. In this case the Board reacted to the $26,667 attorney's fees claim with some skepticism. Though a Board member noted that "Mr. McShea has made a very detailed elaboration of the troubles he's had in this case" and that the contingent fee agreements were in the record, the same Board member explained that further documentation was necessary:

> With respect to the attorneys' fees issue, the Board has been receptive to Mr. McShea's arguments. However, we feel that we would like to have a more detailed accounting of the amount of time and particularly the expenses that were expended by Mr. McShea and his co-counsel in the case, Mr. Peterson, [sic] before we can approve an attorney's fee of $26,-000 plus in this case .... [T]he decision on the attorney's fee issue in terms of the exact dollar amount of the proceeds to be appropriated to the attorneys' fees will be reserved pending receipt from Mr. McShea of an accounting sheet to give us an idea of what is a reasonable attorneys' fee in light of the size of the claim, the problems that you've had and so forth .... AS 23.30.145 discusses reasonable attorneys' fees and the leeway that the Board has in awarding attorney fees on the basis of reasonableness, and that's what we would like to see.

. . . .

> ... [A]ll we are asking for is an idea of the amount of time and frustration, whatever, that you put into this case in terms of the size of the award that you've requested. It is not our intention to approve a one-third contingency fee per se, and that is the reason we are asking for this accounting sheet.

The Board also explained that it could not award fees for services performed at the superior court level. McShea and Petersen promised to submit the necessary information "by this time next week ...."

Almost three months later, the Board decided not to wait any longer for the attorneys to do what they had promised. Perhaps referring to conversations that had taken place off the record,[1] the Board described the evidence before it as follows:

> McShea admitted that the Superior Court had awarded Mr. Peterson attorney fees following the appeal but he could not give the specific amount of the Superior Court's award. Furthermore, when questioned by the Board regarding the total hours invested by both Petersen and himself on the claim McShea was unable to respond with specifics. Instead he submitted two professional employment contracts, signed by the employee, which purport to outline the fee arrangement governing the relationship between the employee and his attorneys
>
> . . . .
>
> ... McShea was given 10 days to submit a memorandum detailing his efforts on behalf of the employee and justifying a fee of one-third of the settlement award. The Board specifically directed McShea's attention to AS 23.30.145 and requested that he address that section in making his plea for approval of the fee arrangement.

---

**1.** The transcript of the original hearing does not directly establish three facts referred to by the Board—McShea's "admission" about appellate fees, his failure to specify total hours worked, and the 10-day period during which McShea and Petersen were to submit a fee memorandum. The transcript does, however, refer to extensive off-the-record discussions between the Board and the attorneys. McShea and Petersen do not claim that any of these factual assertions are false. Nor do they argue that off-the-record discussions should not have been considered by the Board and should not be considered by reviewing courts.

The Board has received nothing from McShea or Petersen since then, despite the fact that the record has been left open without objection.

Based on the record, we find no support for an award of attorney's fees in excess of the minimum provided for in AS 23.30.145(a). Accordingly, we conclude that an award of statutory minimum fees under AS 23.30.145(c) is both reasonable and proper.

McShea and Petersen thus received $8,150, the statutory minimum.[2] They did not appeal. Instead, they filed a "Motion for Reconsideration," which the Board treated as a petition for modification of award submitted pursuant to AS 23.30.-130.[3] Doubting that it had made a "mistake in its determination of a fact," the Board denied the petition. Again, the attorneys failed to appeal. Two months after the Board rejected their petition, they filed an "Application for Modification of Decision and Order," this time explicitly relying on AS 23.30.130. Again, the Board was unimpressed:

Attorneys argue that the Board erred in a determination of fact in awarding only minimum statutory attorney's fees in its Decision and Order .... In particular attorneys argue that "extensive" testimony was presented at the hearing ... to substantiate an award of attorney's fees in excess of the statutory minimum including evidence of the difficulty of this case, the involvement of two at-torneys, the requirement of the taking of an appeal, the requirement of a major deposition trip, and the difficulty of working with the client including the client's failure to appear for scheduled hearings. Attorneys further argue that the Board erred in failing to consider additional evidence of attorneys' involvement in this claim submitted with attorneys' original motion for reconsideration ....

The Board rejects this claim of error. Under AS 23.30.145(a) the Board, in determining the amount of attorney's fees to be awarded, must take into consideration "the nature, length and complexity of the services performed, transportation charges, with [sic: should be "and"] the benefits resulting from the service to the compensation beneficiaries." The Board has reviewed the evidence presented at the hearing ... and finds, having considered the criteria contained in AS 23.-30.145 for awarding attorney's fees in excess of the statutory minimum, that it did not err in its determination of fact in awarding the statutory minimum attorney's fees. The Board's request for further evidence by attorneys to substantiate an award in excess of the statutory minimum at the hearing ... was based upon a finding that insufficient evidence had been presented at that time to justify such an award. The Board specifically indicated that it would not award attorney's fees based on the contingent fee

---

2. Under AS 23.30.145, the minimum attorney's fee is $250 for the first $1,000 of a compensation award and 10% of any additional amount.

3. At the time, the Board's regulations provided for rehearings, 8 AAC 45.150, but grounds for rehearing were limited to "newly discovered evidence which could not with reasonable diligence have been produced at the prior hearing," and the attorneys did not try to invoke it. AS 23.30.130(a), the statute under which the Board considered the attorneys' motion for reconsideration, provides in pertinent part:

Upon its own initiative, or upon the application of any party in interest on the ground of a change in conditions ... or because of a mistake in its determination of a fact, the board may, before one year after the date of the last payment of compensation, whether or not a compensation order has been issued, or before one year after the rejection of a claim, review a compensation case in accordance with the procedure prescribed in respect of claims in AS 23.30.110. In accordance with AS 23.30.110 the board may issue a new compensation order which terminates, continues, reinstates, increases, or decreases the compensation, or award compensation.

This statute clearly applies to compensation awards. The fact that it applies to grants of attorney's fees is much less obvious. Nevertheless, none of the parties has objected to the Board's decision to use the modification statute. In a comprehensive revision of its regulations the Board has enacted a new 8 AAC 45.150, which much more explicitly allows petitions to modify "board orders."

agreement entered into between employee and his attorneys. The Board finds that it did not err in this determination. The subsequent failure of attorneys to present further evidence in a timely manner to substantiate an award in excess of the statutory minimum precludes a modification of the ... Decision and Order.

The Board also reiterated its position that it could not award attorney's fees for work done before the superior court.[4]

McShea and Petersen then filed an appeal. The superior court found that the Board's award of $8,150 for work done at the administrative level was correct, but modified its own earlier award of $200 in fees for the successful appeal, granting McShea and Petersen an additional $7,800 for their appellate work. Like the Board, the superior court refused to rely on the contingent-fee agreement between Mays and the attorneys. Its award was based on a bill of costs and fees which the attorneys had filed just after the remand.[5] The attorneys have now appealed to this court.

## II.

 At the outset we again note that the attorneys do not bring this appeal from the Board's original decision fixing attorney's fees. As indicated earlier, the attorneys failed to appeal from the Board's attorney's fees determination. Thus, this appeal is limited to the Board's denial of the

attorneys' application for a modification of the Board's original order. To prevail against the Board, the attorneys must show that the Board abused its discretion by refusing to correct a mistake of fact. If substantial evidence in the record supports the Board's decision not to modify its award, we will not disturb that decision. *See Interior Paint Co. v. Rodgers*, 522 P.2d 164 (Alaska 1974). The attorneys argue that the Board's original decision rested on two mistakes of fact. We disagree.

"It appears," the attorneys assert, "that the board awarded only a minimum fee because it was under the misconception that the [superior] court had awarded an attorneys' fee." As support for their interpretation of the Board's award, the attorneys rely on one sentence in one of the Board's decisions:

McShea admitted that the Superior Court had awarded Mr. Petersen attorneys' fees following the appeal but he could not give the specific amount of the Superior Court's award.

We note that McShea and Petersen are not arguing that the superior court failed to award Petersen attorney's fees. Nor do they claim that McShea was in fact able to tell the Board how much Petersen had received. Instead, their argument rests on the assumption that the Board would have awarded more than minimum attorney's

---

**4.** In its decision the Board stated in part:

We perceive from [AS 23.30.260] ... an intention on the part of the legislature that fees for services performed before the Board are to be referred to the Board for approval while fees for services performed in court are to be referred to the court.

We conclude, therefore, the Board has no authority to award attorney's fees for appellate work. The award of the statutory minimum attorney's fees of $8,150.00 was based solely on the attorneys' efforts in representing employee's interest before the Board; it is not to be construed as compensation for any efforts expended on employee's behalf for the taking of an appeal in this action.

**5.** In its decision the superior court said in part:

In this case, counsel submitted a bill of costs on March 31, 1981 for the prior Superior Court proceedings. Total costs and fees

for the first appeal totalled $8,934.58. This court awarded $200 in nominal fees and full costs in the amount of $934.58 on the apparently mistaken assumption that the Board on remand, would compensate counsel appropriately for prosecuting the successful appeal. Since the Board declined to award fees for the appeal, this court hereby modifies its previous fee award.

The attorney's fees for work done before the Superior Court are increased from $200 to $8,000. This amount is in addition to the Board's award of $8,150. Since counsel were already awarded $200 in fees by this court, counsel are entitled to a net increase in fees of $7,800, to be paid out of the Compromise and Settlement money currently on deposit in appellant McShea's trust account. The balance of the Compromise and Release funds are to be paid out to the employee, Mr. Virgil Mays.

fees had it known that the superior court's original award had been only $200. This assumption is incorrect. A review of the record shows that the Board did not believe that it could award attorney's fees for work done before the superior court and that McShea and Petersen had failed to distinguish between work done at the appellate and the administrative levels. Its inquiry about the superior court's award, then, was part of an attempt to establish how much work had been done before the superior court, so that it would not award compensation for that work. There was no "mistake of fact" here.

McShea and Petersen also argue that the Board was factually mistaken when it asserted that there was no support in the record for awarding more than minimum fees. Characterizing this conclusion as a "mistake of fact" is quite difficult, and the attorneys' attempt to do so is not persuasive. What they are actually objecting to is the Board's insistence on documentation of their time, and the Board's refusal to base its fee award on the contingent-fee contract. The Board's decision on this point was legal, not factual. Under the terms of the modification statute, the Board's refusal to modify its award was justified.

Even though the issue is not properly before us, we offer the following observations regarding the determination of reasonable compensation for legal services rendered to claimants. AS 23.30.145(a) provides in part that:

> Fees for legal services rendered in respect to a claim are not valid unless approved by the board, and fees may not be less than 25 per cent on the first $1,000 of compensation or part of the first $1,000 of compensation, and 10 per cent of all sums in excess of $1,000 of compensation .... In determining the amount of fees the board shall take into consideration the nature, length and complexity of the services performed, transportation charges, and the benefits resulting from the services to the compensation beneficiaries.

Subsection (c) of AS 23.30.145 further provides that:

> If proceedings are had for review of a compensation or medical and related benefits order before a court, the court may allow or increase an attorney's fees. The fees are in addition to compensation or medical and related benefits ordered and shall be paid as the court may direct.

In *Wien Air Alaska v. Arant*, 592 P.2d 352, 365–66 (Alaska 1979), we noted that "AS 23.30.145 seeks to insure that attorney's fee awards in compensation cases are sufficient to compensate counsel for work performed. Otherwise, workers will have difficulty finding counsel willing to argue their claims." (Footnote omitted). Regarding the role of the superior court in determining attorney's fees in a compensation appeal, we said:

> The Superior Court's fee award for the appeal should provide for realistic compensation, taking into account the same factors that the Workmen's Compensation Board considers when it grants attorney's fees for non-controverted claims: "the nature, length and complexity of the services performed, transportation charges, and the benefits resulting from the services to the compensation beneficiaries."

592 P.2d 352 at 366 (footnote omitted).[6] The Board's belief that it lacked the authority to award fees for appellate work is not directly challenged in this appeal and thus we need not decide whether the Board's reading of AS 23.30.145 is correct. Nevertheless, we note that in light of the foregoing it is not self-evident that the Board was mistaken in its belief.[7]

---

**6.** In the *Arant* case we remanded to the Superior Court with directions that it remand to the Board for a determination of attorney's fees. We also said that "[t]he Superior Court shall make its determination of the fees to be granted because of the appeal after the Workmen's Compensation Board makes its fee award." *See also Rose v. Alaskan Village, Inc.,* 412 P.2d 503, 508–10 (Alaska 1966); *M–B Contracting Company v. Davis,* 399 P.2d 433, 436 (Alaska 1965).

**7.** Neither the case authority alluded to nor the provisions of AS 23.30.145 explicitly preclude

With these considerations in mind we turn to the attorneys' last contention, that the superior court abused its discretion by refusing to raise the total attorney's fee award to $26,667. Because the contingent-fee agreement was not controlling, the superior court properly looked to the bill of fees and costs which attorney Petersen had submitted for his earlier work. Given the attorneys' failure to establish that the Board should have modified its award, the superior court's refusal to award more than the fees the attorneys had already asked it to award was neither arbitrary nor capricious.

AFFIRMED.

the Board from awarding attorney's fees for services rendered to claimants in conjunction with proceedings before the superior court or this court. Nor do these authorities explicitly speak to the question of whether the Board retains the residual authority to review an overall attorney's fee award in the context of a Board decision which has undergone appellate review. We leave the resolution of these questions for a more appropriate occasion.