**WISE MECHANICAL CONTRACTORS and Industrial Indemnity, Appellants/Cross-Appellees,**

v.

**Edwin BIGNELL, Appellee/Cross-Appellant.**

**Nos. S-566, S-627.**

Supreme Court of Alaska.

May 9, 1986.

Rehearing Denied June 3, 1986.

Liam J. Moran, Hagans, Brown & Gibbs, Anchorage, for appellants/cross-appellees.

James A. Parrish, Parrish Law Office, Fairbanks, for appellee/cross-appellant.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON, and MOORE, JJ.

OPINION

MATTHEWS, Justice.

We decided *Bignell v. Wise Mechanical Contractors and Industrial Indemnity Co.*, 651 P.2d 1163 (Alaska 1982), in favor of Bignell[1] and issued an order concerning costs and attorney's fees on appeal which stated:

> The appellant may apply to the Superior Court for an award of attorney's fees pursuant to AS 23.30.145(c) after attorney's fees have been set by the Board

---

1. We held that Bignell should receive temporary disability benefits while undertaking an approved vocational rehabilitation course even though his physical condition had become stable.

under AS 23.30.145(a) and (b). In deciding the question of fees under AS 23.30.-145(c), the Superior Court should consider the nature, length and complexity of the services performed on appeal in both the Superior Court and the Supreme Court. In addition, the Superior Court should consider the fee which the Board has awarded. See *Wien Air Alaska v. Arant*, 592 P.2d 352, 366 (Alaska 1979).

After the Board awarded Bignell attorney's fees under AS 23.30.145(a) and (b), Bignell applied to the superior court for attorney's fees for appellate proceedings, in accordance with this order.[2] Bignell requested attorney's fees of $24,520, an award which Bignell calculated as twice that which his attorneys would have received had they been working on an hourly fee basis. The trial court awarded the amount requested, noting that it was convinced that Bignell's counsel spent substantially more time on appeal than the 147 hours they had estimated; that the benefits resulting from their services were of a high degree; and that their compensation was contingent upon success on appeal, an unlikely event once compensation had been denied at the superior court level.[3]

The appellants challenge the award as manifestly unreasonable, and thus an abuse of discretion, for three reasons.

## I.

■ Appellants' first contention is that a fee which is computed by multiplying an attorney's hourly rate times the time expended—the hourly fee—"must be deemed the outer limit of the 'full fee' to which a claimant's counsel is entitled on appeal in a workers' compensation proceeding." [At.Br. 7–8] The term "full fee" referred to by appellants is taken from the following language in *Providence Washington Insurance Company v. Bonner*, 680 P.2d 96, 100 (Alaska 1984):

> We have previously taken the position that attorney's fees on an appeal in a worker's compensation case should be a reasonable fee, *i.e.*, a full fee for the reasonable time and expense of litigating the case on appeal adjusted, if necessary, to reflect the statutory attorney's fee award from the Board. *See Wien Air Alaska v. Arant*, 592 P.2d 352 (Alaska 1979).

We used the term "full fee" in *Bonner* to distinguish the standard for attorney's fees in workers' compensation cases from that

**2.** To date there have been two superior court proceedings concerning this case and two supreme court proceedings. *See Wise Mechanical Contractors v. Bignell*, 626 P.2d 1085 (Alaska 1981); *Bignell v. Wise Mechanical Contractors*, 651 P.2d 1163 (Alaska 1982).

**3.** The full decision of the trial court is as follows:

> This matter comes before the Court on appellant's motion for attorney's fees.
> Compensation for work performed at the Board level has been provided for. Appellant's counsel has received no compensation for work performed at the Superior and Supreme Court levels.
> The Court fixes fees pursuant to AS 23.30.-145(c) with guidance from *Wien Air Alaska v. Arant*, 592 P.2d 352 (Ak.1979):
> The Superior Court's fee award for the appeal should provide for *realistic* compensation, taking in account the same factors that the Workmen's Compensation Board considers when it grants attorney's fees for non-controverted claims: "the nature, length and complexity of the services performed, trans-

> portation charges, and the benefits resulting from the services to the compensation beneficiaries."
> * (emphasis supplied [by superior court] ) AS 23.30.145(a).
> The Court is convinced that appellant's counsel "spent substantially in excess of 147 hours preparing this matter for appeal and oral argument." (See Affidavit of Lance C. Parrish dated April 16, 1984). The Court notes additionally that the benefits resulting from counsel's extended services to the compensation beneficiaries were of a very high degree. The contingent fee arrangement and appellant's likelihood of success after being denied compensation at the Superior Court level, also warrant additional compensation. *Thomas v. Bailey*, 611 P.2d 536 (Ak.1980). The court, by citing *Thomas v. Bailey*, does not thereby find this matter to be public interest litigation, but merely finds the *Thomas* case persuasive with respect to weights to be afforded by the *Arant* factors. The Court, in light of the particular circumstances of this case, therefore, awards attorney's fees in the amount of $24,520.

in ordinary civil litigation under Civil Rule 82. In workers' compensation cases the objective is to make attorney fee awards both fully compensatory and reasonable so that competent counsel will be available to furnish legal services to injured workers. *Wien Air Alaska v. Arant,* 592 P.2d 352, 365–66 (Alaska 1979). By contrast, the purpose of Civil Rule 82 is to afford reasonable partial compensation for attorney's fees to the winning civil litigant. *Malvo v. J.C. Penney Co., Inc.,* 512 P.2d 575, 588 (Alaska 1973); *Irving v. Bullock,* 549 P.2d 1184, 1190 (Alaska 1976).

We did not say in *Bonner* that a "full fee" should be equated with an hourly fee, although there may be grounds for drawing such an inference from the "reasonable time and expense" language which follows the term "full fee." In light of the foregoing we take this occasion to clarify this aspect of *Bonner.* In *Bonner* we held only that the trial court did not abuse its discretion in awarding a full fee. The hourly fee method was used by the claimant and the trial court to compute a reasonable fully compensatory fee. There was no question as to whether other methods might also have been used, and we did not hold that only an hourly fee could be a reasonable fully compensatory fee.[4]

Such a holding would have been at variance with our decision in *Wien Air Alaska v. Arant,* 592 P.2d 352 (Alaska 1979). There we held that attorney's fees for successful claimants' counsel on appeal should be based on "the same factors that the Workmen's Compensation Board considers when it grants attorney's fees for non-controverted claims: 'the nature, length and complexity of the services performed, transportation charges, and the benefits resulting from the services to the compensation beneficiaries.'" *Id.* at 366, quoting AS 23.30.145(a). We noted that under AS 23.-

30.145 "high awards for successful claims may be necessary for an adequate overall rate of compensation, when counsel's work on unsuccessful claims is considered." *Id.* Thus, full compensation is not necessarily limited to an award of an hourly fee.

## II.

■ Appellants next contend that the court's conclusion that Bignell's counsel spent substantially in excess of 147 hours representing Bignell on appeal is unsupported in the record. Appellants argue that "the superior court apparently rejected Bignell's argument that the court should impose a multiplication factor" and that the superior court implicitly found "that counsel spent twice the number of hours identified in his affidavit." [At.Br. 13]

While the superior court did not specifically use a multiplication factor, it did say that it was relying on the contingency of Bignell's counsel's compensation and the likelihood of success after being denied compensation at the superior court level as factors justifying the award. There is no implication that the court found that counsel spent twice the number of hours claimed.

The court's conviction that counsel spent substantially in excess of 147 hours is consistent with counsel's affidavit which points out that the 147 hours, first, is an estimate; second, is an estimate of the minimum time spent preparing and presenting briefs and oral argument; and third, does not include time spent preparing pleadings other than briefs and oral argument. In an attachment to counsel's affidavit, a list of such other pleadings was included [R. 142–149] which presents a compelling picture of extensive activity. Thus, based on the record presented, the

---

4. Appellants also cite *Thomas v. Bailey,* 611 P.2d 536 (Alaska 1980) for the proposition that in other contexts this court has equated "full fee" with a "reasonable rate per hour." [At.Br. 10] In *Thomas,* we said that "generally, full compensation at a reasonable rate per hour will prove adequate to encourage public interest litigation." *Id.* at 541. As with the language in

*Bonner,* at the most this might raise an inference that "full compensation" should be equated with an hourly fee. In *Thomas,* however, we expressly stated that the time expended and customary hourly rates are but two of several factors which may be considered in determining a reasonable attorney's fee. *See id.* at 541–42.

superior court was justified in its conviction that more than 147 hours was expended by Bignell's counsel on appeal.

### III.

■ Appellants' third contention is that the court should not have considered the contingency factor or the likelihood of success in determining a fee. Appellants argue first that "an attorney representing a worker's compensation claimant is entitled to a full fee without reference to success." [At.Br. 15] They cite *M–B Contracting Co. v. Davis*, 399 P.2d 433 (Alaska 1965). That case does permit an award of attorney's fees to an unsuccessful claimant in the discretion of the court. However, in practice such awards are almost never made. As we noted in *Alaska Interstate v. Houston*, 586 P.2d 618, 621 (Alaska 1978), "If the claim is lost the attorney is ordinarily unpaid." [5]

Appellants also argue that contingency is not an appropriate factor for consideration because attorney's fees are governed by statute and the relevant statute, AS 23.30.-145,[6] as interpreted in *Arant*, does not permit considerations of contingency. As we have observed, *supra* Section I, *Arant* acknowledged that "high awards for successful claims may be necessary for an adequate overall rate of compensation when counsel's work on unsuccessful claims is considered." 592 P.2d at 366. This is recognition of the legitimacy of considering the contingency of compensation in determining the reasonableness of an attorney's fee award.

Further, we have interpreted AS 23.30.-145(c) as calling for an award of reasonable compensation. *Rose v. Alaskan Village, Inc.*, 412 P.2d 503, 509 (Alaska 1966). The Alaska Code of Professional Responsibility in DR 2–106(B) sets forth the factors to be considered in determining a reasonable fee. The contingency of counsel's compensation is one of them.[7] We see no reason to

---

**5.** No case has been cited to us in which an attorney received compensation following an unsuccessful appeal. The case which indicates that the power to make such an award exists, *Davis,* is not an example of its exercise. There, the superior court concluded that each party should bear its own attorney's fees on appeal, and this court affirmed. 399 P.2d at 435, 437.

**6.** AS 23.30.145 provides:

(a) Fees for legal services rendered in respect to a claim are not valid unless approved by the board, and the fees may not be less than 25 per cent on the first $1,000 of compensation or part of the first $1,000 of compensation, and 10 percent of all sums in excess of $1,000 of compensation. Where the board advises that a claim has been controverted, in whole or in part, the board may direct that the fees for legal services be paid by the employer or carrier in addition to compensation awarded; the fees may be allowed only on the amount of compensation controverted and awarded. When the board advises that a claim has not been controverted, but further advises that bona fide legal services have been rendered in respect to the claim, then the board shall direct the payment of the fees out of the compensation awarded. In determining the amount of fees the board shall take into consideration the nature, length and complexity of the services performed, transportation charges, and the benefits resulting from the services to the compensation beneficiaries.

(b) If an employer fails to file timely notice of controversy or fails to pay compensation or medical and related benefits within 15 days after it becomes due or otherwise resists the payment of compensation or medical and related benefits and if the claimant has employed an attorney in the successful prosecution of the claim, the board shall make an award to reimburse the claimant for the costs in the proceeding, including a reasonable attorney fee. The award is in addition to the compensation or medical and related benefits ordered.

(c) If proceedings are had for review of a compensation or medical and related benefits order before a court, the court may allow or increase an attorney's fees. The fees are in addition to compensation or medical and related benefits ordered and shall be paid as the court may direct.

**7.** The factors are:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skills requisite to perform the legal service properly.

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

exclude that factor from the reasonableness determination to be made in worker's compensation cases.

In this case, as in many worker's compensation cases, the only fee arrangement between the claimant and counsel is that counsel will be paid whatever fee is approved by the board or the court, and payment of any fee is contingent upon success.[8] A contingency arrangement is ordinarily necessary because most injured claimants lack the financial resources to pay an attorney an hourly fee. If an attorney who represents claimants makes nothing on his unsuccessful cases and no more than a normal hourly fee in his successful cases, he is in a poor business. He would be better off moving to the defense side of the compensation hearing room where attorneys receive an hourly fee, win or lose, or pursuing any of the other various law practice areas where a steady hourly fee is available. As we have noted, the objective of awarding attorney's fees in compensation cases is to ensure that competent counsel are available to represent injured workers. *Wien Air Alaska v. Arant*, 592 P.2d at 365–66. This objective would not be furthered by a system in which claimants' counsel could receive nothing more than an hourly fee when they win while receiving nothing at all when they lose.[9]

In conclusion, we find that none of the three reasons offered by appellants to challenge the award of attorney's fees has mer-

it. In our view, the court's award of $24,520 to Bignell's counsel was not an abuse of discretion in light of the time spent by counsel, the complexity and novelty of this case,[10] the benefit which resulted to Bignell,[11] and the contingent nature of counsel's right to compensation.

On cross-appeal, Bignell claims that the superior court erred in refusing to award interest on the fee awarded which would reflect the three year delay occurring between the completion of the work and the court's order. We have never required the addition of pre-judgment interest to an award of attorney's fees. That is not to say that the fact of a long delay in receiving compensation might not be relevant in determining what amount to award. However, the fee awarded in the present case appears reasonable in light of the purpose of attorney's fees in workers' compensation cases even though the fact of delay was not taken into account. Thus, we do not believe that the court abused its discretion in refusing to award interest. The judgment is AFFIRMED.

MOORE, Justice, dissenting.

I am compelled to dissent from the majority's decision to uphold a $24,520 attorney fee award that is twice the amount counsel customarily would have charged for the services provided. In my view, the court's opinion ignores the plain language

---

(5) The time limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent.

8. Payment of any fee is contingent upon approval of the Board or the court, regardless of the contractual arrangement between the claimant and his counsel. AS 23.30.145.

9. An example illustrates the point. If an attorney wins three out of every five cases and is limited to the ordinary hourly rate, say $100, on his victorious cases, and receives no fee in the cases which are lost, his overall hourly compensation is $60 rather than $100, assuming the same amount of time is spent in each case.

10. The complexity of this case is evident from a review of this court's two opinions. *Wise Mechanical Contractors v. Bignell*, 626 P.2d 1085 (Alaska 1981); *Bignell v. Wise Mechanical Contractors*, 651 P.2d 1163 (Alaska 1982). Its novelty is manifest from the dissent's observation in the second opinion that the proposition of law which Bignell established there (temporary total benefits are payable during vocational rehabilitation even though medical condition had stabilized) was contrary to the overwhelming weight of authority elsewhere. *Id.* at 1169 (Rabinowitz and Matthews, Justices, dissenting).

11. The efforts of counsel have resulted in payment of more than $75,000 to Bignell. Further, he apparently continues to receive $212.38 per week.

of AS 23.30.145, mischaracterizes our case law, and permits the appearance of windfall fees to go virtually unquestioned.

When claimant Bignell applied to the superior court for attorney's fees for appellate proceedings he urged the court to apply a multiplication factor of at least two in computing the fee award. Bignell calculated the fee his counsel would have charged, for work done on an hourly fee basis, as $12,260 and urged the court to at least double the award. The trial court awarded $24,520, and my colleagues now uphold the award as proper. I cannot agree, for the reasons stated below.

Attorney's fees in workers' compensation cases are governed by statute. AS 23.30.-145(c) [1] grants the court authority to award fees for work performed in an appellate proceeding. Because subsection (c) does not set out a precise formula for calculating appellate level fees, we have held that a court should look to the factors listed in subsection (a) dealing with the calculation of attorney's fees for proceedings before the Board. In *Wien Air Alaska v. Arant,* 592 P.2d 352 (Alaska 1979), we stated that the "Superior Court's fee award for the appeal should provide for realistic compensation, taking into account the same factors that the Workmen's Compensation Board considers when it grants attorney's fees for non-controverted claims...." *Id.* at 366. We then quoted from AS 23.30.-145(a), which provides in part:

> In determining the amount of fees the board shall take into consideration the nature, length and complexity of the services performed, transportation charges, and the benefits resulting from the services to the compensation beneficiaries.

The plain language of the statute in no way suggests that a multiplier should be applied to double an award of attorney's fees, nor is it appropriate for this court to

infer such an intent. If the legislature had wanted to authorize double attorney's fees, it could have done so in plain language.

Our prior holdings also do not establish authority for a double award, contrary to the majority's assertion. As we explained in *Providence Washington Insurance Co. v. Bonner,* 680 P.2d 96 (Alaska 1984):

> We have previously taken the position that attorney's fees on an appeal in a worker's compensation case should be a reasonable fee, i.e., *a full fee for the reasonable time and expense of litigating the case on appeal* adjusted, if necessary, to reflect the statutory attorney's fee award from the Board. *See Wien Air Alaska v. Arant,* 592 P.2d 352 (Alaska 1979).

*Id.* at 100 (emphasis added).

In this case, a "full fee for the reasonable time and expense of litigating" is exactly what Bignell's counsel would have received if a multiplier had not been applied. The $12,260 actual fee that Bignell's counsel would have charged, calculated by multiplying his hourly rate by the number of hours spent, would meet the *Bonner* "full fee" requirement. The trial court's award of twice this amount was far in excess of a reasonable fully compensatory fee.[2]

The majority contends that the award is justified by the complexity and novelty of Bignell's case, and the benefit which resulted to the claimant. Even if a multiplier were statutorily authorized, the majority mischaracterizes this case as meriting a double fee award. While the benefit that Bignell received was substantial, his case was neither novel nor particularly complex. The key facts were undisputed, and the central legal question—whether temporary disability benefits are payable during vocational rehabilitation even though an injured

---

**1.** *See supra* note 6 in majority opinion.

**2.** The trial court stated that it was convinced that counsel spent substantially more time on the appeal than the 147 hours estimated in counsel's affidavit. The record does not support this conclusion. While counsel's 147-hour esti-

mate did not include time spent preparing various pleadings, most of the pleadings were brief, pro forma motions, affidavits and proposed orders which would require only a few hours for an experienced attorney to prepare.

worker's medical condition has stabilized—did not present an especially complex issue. Numerous courts in other jurisdictions have considered whether medical stabilization marks the end of temporary disability.[3] While most have decided the question differently than we did in Bignell's case,[4] the issue obviously cannot be deemed novel.

I also disagree with the majority's contention that a multiplier is justified because of the contingent nature of fee awards in workers' compensation cases. Since payment of a fee is contingent upon Board or court approval, *see* AS 23.30.145, the majority suggests that the public policy goal of insuring that competent counsel are available to represent injured workers will be thwarted if claimants' counsel receive no more than an hourly fee when they win and nothing at all when they lose. This reasoning is flawed because we have held that AS 23.30.145(c) authorizes fee awards to counsel for losing claimants on appeal as well as successful claimants. *M–B Contracting Co. v. Davis*, 399 P.2d 433, 436 (Alaska 1965).

Although losing claimants are rarely awarded fees, the majority's solution is inappropriate. It is patently unfair to require Bignell's employer, or its insurance company, to pay a double fee award in order to compensate for cases where counsel for losing claimants receive no fees. A far better approach would be to encourage trial courts to exercise their discretion and award fees routinely to worthy losing claimants.

In sum, I would reverse the court's double fee award because it contravenes the plain language of AS 23.30.145 and our prior holdings, and offends notions of fundamental fairness.

**3.** *See, e.g., Home Insurance Co. v. Indus. Comm'n*, 23 Ariz.App. 90, 530 P.2d 1123, 1125–27 (1975); *see also* 2 A. Larson, The Law of Workmen's Compensation § 57.12, at 10–9 (1983).

**4.** *See Bignell v. Wise Mechanical Contractors*, 651 P.2d 1163, 1169 (Alaska 1982) (Rabinowitz,

J., dissenting) and cases cited therein at 1169 n. 1. *But cf. Cenvill Communities, Inc. v. Brown*, 409 So.2d 1147, 1148–49 (Fla.App.1982) (statute requires date of maximum medical improvement to be determined after rehabilitation training program completed).