David L. **BELL**, Appellant,

v.

**STATE** of Alaska and Harbor Adjustment Service, Appellees.

No. S–5138.

Supreme Court of Alaska.

July 23, 1993.

Debra Fitzgerald and Chancy Croft, Chancy Croft Law Office, Anchorage, for appellant.

Frank S. Koziol, Anchorage, for appellees.

Before MOORE, C.J., and RABINOWITZ, BURKE, MATTHEWS and COMPTON, JJ.

*OPINION*

BURKE, Justice.

For the reasons stated in *Bailey v. Litwin Corp.*, 780 P.2d 1007, 1011–12 (Alaska 1989), the superior court's decision is AFFIRMED.

RABINOWITZ, J., with whom COMPTON, J., joins, dissenting.

RABINOWITZ, Justice, with whom COMPTON, Justice, joins, dissenting.

In *Wise Mechanical Contractors v. Bignell*, 718 P.2d 971 (Alaska 1986) we noted:

> [T]he objective of awarding attorney's fees in compensation cases is to ensure that competent counsel are available to represent injured workers. This objective would not be furthered by a system in which claimants' counsel could receive

---

nothing more than an hourly fee when they win while receiving nothing at all when they lose.

*Id.* at 975 (citation omitted).

In the instant case the Board noted appellant's counsel's request for an award of enhanced attorney's fees "based on the *alleged* contingent nature of this case" (emphasis supplied) but then failed to explain why it denied the request.[1] Given the Board's apparent misapprehension as to the contingent nature of attorney's fees in this type of litigation, and the objective of ensuring the injured worker's access to competent counsel, I would remand the matter to the Board for the purpose of requiring an explanation of its rejection of appellant's request for enhanced attorney's fees.

---

1. In *Wise Mechanical Contractors v. Bignell,* 718 P.2d at 975, we recognized that payment of attorney's fees is contingent upon a claimant's success since "[a] contingency arrangement is ordinarily necessary because most injured claimants lack the financial resources to pay an attorney an hourly fee."