**WIEN AIR ALASKA and Scott Wetzel Services, Inc., Petitioners,**

v.

**Daniel KRAMER, Richard Matthews dba Enchanted Lake Lodge and Industrial Indemnity Company and State of Alaska, Workers' Compensation Board, Respondents.**

No. S–3221.

Supreme Court of Alaska.

March 15, 1991.

---

Phillip J. Eide, Guess & Rudd, Anchorage, for petitioners.

Eric Olson, Olson Law Office, Inc., Anchorage, for respondent Kramer.

Mark L. Figura, Rose & Figura, Anchorage, for respondents Matthews, Enchanted Lake Lodge and Indus. Indem. Co.

No appearance by respondent, State of Alaska.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

BURKE, Justice.

We granted review in this case to determine whether a workers' compensation claimant, Daniel Kramer, can rely on the statutory presumption of compensability, AS 23.30.120(a)(1), to establish, absent substantial evidence to the contrary, that a work-related injury resulted in a compensable disability. In addition, we consider whether the trial court properly raised, *sua sponte*, the issue of Kramer's status as an "independent contractor" under the last injurious exposure rule. Finally, we examine whether the superior court abused its discretion by ordering Kramer's medical payments reinstated after ordering the case remanded for further proceedings before the Workers' Compensation Board.

I

Daniel Kramer was injured in November 1984, while working as a cook for Wien Air Alaska. Kramer suffered back and shoulder injuries and received therapy and treatment from two doctors. Wien Air paid Kramer temporary total disability benefits from the date of his injury until May 1985 when Kramer was released for work as a chef. After working a short time as a chef for Enchanted Lake Lodge, Kramer suffered a "flare-up" of his shoulders and back injury which caused him to leave his job on July 14, 1985. The doctors who examined Kramer after the "flare-up" concluded that Kramer's symptoms could be attributed to his original injury rather than his employment at Enchanted Lake Lodge.

In August 1985, Kramer applied for unemployment benefits which he received, from October 26, 1985 until March 22, 1986.[1] To procure these benefits, he certified on a biweekly basis that he was able to work as a chef.

On November 5, 1985, Kramer filed for an adjustment of his claim seeking temporary total disability benefits from July 15, 1985 and continuing indefinitely. Wien Air controverted Kramer's claim and petitioned to have Enchanted Lake Lodge joined in the proceeding, citing the last injurious exposure rule.[2] Even so, Wien

---

1. The Board erroneously found that Kramer received unemployment benefits starting August 8, 1985. On appeal to the superior court, Wien Air conceded that the Board was mistaken on this point.

2. The last injurious exposure rule applies when subsequent employment exacerbates, aggravates, accelerates or combines with a pre-existing condition to cause a disability. Full liability is imposed on the employer at the time of the

Air reinstated Kramer's temporary total disability benefits under a reservation of rights, in October 1986. However, it stopped paying benefits in October 1987, after the Board denied Kramer's claim.

In proceedings before the Board in July 1987, Kramer argued that he was still disabled as a result of his 1984 injury and was entitled to temporary total disability compensation. Wien Air argued that Kramer's sworn statements regarding his ability to work on his unemployment claims barred him from receiving any further disability benefits. Although Kramer had not made an earlier showing of disability before the Board, the Board was aware that Kramer was seeking a continuation of his temporary total disability benefits.

The Board did not apply the statutory presumption of compensability to the question of whether a continuing disability existed. Instead, it required Kramer to establish the fact by a preponderance of the evidence relying, in part, on our decision in *Brunke v. Rogers & Babler*, 714 P.2d 795, 801 (Alaska 1986). The Board stated that the issue of Kramer's disability since July 15, 1985 was "the first and only issue to be decided." The Board concluded that Kramer had failed to prove that he continued to be disabled as of that date and denied his claim.[3]

On appeal, the superior court reversed the Board's decision ruling that "there was not a reasonable basis for the Board's placing the burden of proof on Kramer" to establish the existence of a continuing disability. The court also ruled that Wien Air failed to rebut the presumption with substantial evidence. On remand, the superior court ordered the Board to determine the actual dates for which Kramer was drawing unemployment benefits and was thereby statutorily prohibited from receiving disability compensation. The court raised,

*sua sponte*, the issue of Kramer's possible "independent. contractor" status at Enchanted Lake Lodge and ordered reinstatement of Kramer's medical benefits pending determination of the issues on remand. Wien Air then petitioned this court for review of the superior court's decision.

## II

### A

In past cases, we have applied the presumption of compensability, AS 23.30.-120(a), primarily in situations where problems in proving causation or "work relatedness" would make it difficult, if not impossible, for an employee to establish a claim. *See Rogers Electric Co. v. Kouba*, 603 P.2d 909 (Alaska 1979) (presumption applicable to question whether employee's back injury was the result of a congenital condition or a work related accident); *Thornton v. Alaska Workmen's Compensation Bd.*, 411 P.2d 209 (Alaska 1966) (presumption applicable to question whether employee's heart attack was caused by a work related event).

 In a case similar to the facts presented here, we assumed that the presumption applied to a claim for continuing temporary total disability, but held that the employer had overcome the presumption. *Bailey v. Litwin Corp.*, 713 P.2d 249, 252 (Alaska 1986); *see also Kodiak Oilfield Haulers v. Adams*, 777 P.2d 1145 (Alaska 1989) (where an intervening injury occurred, presumption applicable to question whether a work related injury remained the source of an employee's continuing disability). More recently, in *Anchorage v. Carter*, 807 P.2d 476, 478–79, (Alaska 1991), we applied the presumption to a non-causation issue, holding that an injured employee may rely on the presumption to establish

most recent injury. *Ketchikan Gateway Borough v. Saling*, 604 P.2d 590, 596–97 (Alaska 1979). Wien Air contends that Kramer was reinjured while working at Enchanted Lake Lodge, and therefore, claims that the Lodge is liable for any further disability compensation.

**3.** The Board examined the time periods that Kramer was and was not collecting unemploy-

ment benefits. For the period that Kramer was collecting such benefits, the Board also ruled that Kramer was statutorily prohibited from collecting disability compensation. AS 23.30.-187 mandates that disability "compensation is not payable to an employee ... for a week in which the employee receives unemployment benefits."

the existence of a continuing disability in a claim for continuing treatment or care under AS 23.30.095(a).[4] These cases indicate that we have approved of the application of the statutory presumption to questions of this type.

The Board relied on our decision in *Brunke* to conclude that the presumption of compensability does apply to establish the existence of a disability. In that case, we held that the employee bears the *burden of proof* of lost earning capacity in a claim for permanent partial disability compensation.[5] We stated that

> the Board found that while MAPCO was liable for compensation for Brunke's back injury, Brunke had failed to produce evidence of his post-injury earnings. Therefore, the Board denied his claim for compensation....

714 P.2d at 800. We then went on to state that

> The Board apparently placed the burden of producing evidence of loss of earning capacity on Brunke.
>
> The explicit language of AS 23.30.210 does not clarify who bears the burden of proof of lost earning capacity. We have not previously addressed this problem. We have, however, held that "[t]he burden of proof as to each element of the claim is on the claimant," once the employer rebuts the presumption of compensability.

714 P.2d at 801 (quoting *Delaney v. Alaska Airlines*, 693 P.2d 859, 862 (Alaska 1985)).

Loss of earning capacity is the defining characteristic of a compensable disability. *Hewing v. Peter Kiewit & Sons*, 586 P.2d 182, 185–86 (Alaska 1978). It would be difficult to reconcile *Brunke* with *Carter*

and *Bailey* if the case is read to hold that the presumption of compensability does not apply to the question whether an employee's injury resulted in a loss of earning capacity.

In *Brunke*, we were concerned with the employee/claimant's obligation to present evidence concerning his current earning capacity so that the Board could make a reasoned assessment of his lost earning capacity under AS 23.30.210. *Brunke*, 714 P.2d at 800–01. There the Board found that Brunke had suffered a compensable disability. However, Brunke submitted no evidence of his current wage earning capacity. *Id.* The only question was whether the Board was required to solicit evidence of Brunke's post-injury earnings so as to determine his present wage earning capacity. Our holding did not address, in the slightest, the applicability of AS 23.30.-120(a) to the question of whether a compensable disability existed. Moreover, *Brunke* dealt with the proper construction of AS 23.30.210 which was repealed by the Alaska legislature in 1988. Ch. 79, § 44, SLA 1988. *Brunke's* precedential value on this matter is, therefore, rather limited.

Our decision in *Brunke* does not support the Board's ruling. Kramer was entitled to rely on the statutory presumption to meet his burden of production in establishing that he suffered from a continuing disability.[6] We affirm the superior court's ruling on this matter and hold that AS 23.30.-120(a)(1) creates the presumption of a compensable disability once the employee has established a preliminary link between employment and injury.

Because the Board erred in its preliminary allotment of the burden of production,

---

**4.** Our cases are quite consistent in holding that the presumption shifts only the burden of production and that, once the employer rebuts the presumption with substantial evidence, the presumption drops out and the employee must establish each element of his claim by a preponderance of the evidence. *See generally Veco, Inc. v. Wolfer*, 693 P.2d 865 (Alaska 1985).

**5.** As the superior court noted in its decision in the present case, the *Brunke* case involved claims for both temporary total and permanent partial disability compensation. It is significant

that in *Brunke*, the Board applied the presumption of compensability to the temporary total disability claim and we affirmed their ruling. *Brunke*, 714 P.2d at 798.

**6.** The fact that Kramer suffered a work related injury for which he received compensation from Wien Air is sufficient to establish a preliminary link between his employment and his continuing disability thus implicating AS 23.30.-120(a). *See generally Burgess Construction Co. v. Smallwood*, 623 P.2d 312 (Alaska 1981).

it did not address the question of whether Wien Air successfully rebutted the presumption of compensability. Although Wien Air invites us to decide this issue on the record before us, we decline to reach this evidentiary issue without the benefit of a decision by the Board.[7]

## B

The superior court ordered the Board, on remand, to determine whether Kramer was an employee of Enchanted Lake Lodge or merely an independent contractor before adjudicating the question of employer liability. Wien objects to this order on the ground that Enchanted Lake Lodge never raised this issue, and further contends that Enchanted Lake Lodge was ready to concede that Kramer was an employee. Enchanted Lake Lodge does, in fact, concede in its brief that Kramer was its employee. Enchanted Lake Lodge asserts that it "has admitted throughout the proceedings below that Kramer was its employee."[8]

■ An issue not raised by any party is normally not considered on review, unless failure to address the issue would constitute plain error or result in a miscarriage of justice. *In re L.A.M.*, 727 P.2d 1057, 1059 (Alaska 1986). In light of the parties' concession of Kramer's employment status, the superior court's order requiring a factual determination of that question is reversed.

## C

In its memorandum opinion, the superior court stated:

> The cessation or continuance of Kramer's medical benefits was not considered. The medical benefits ceased without ruling. The court hereby orders the reinstatement of Kramer's medical benefits

pending determination of the issues on remand to the Board.

Memo. Op. at 6. Wien argues that only the Board has the power to order reinstatement of medical benefits. Therefore, it contends that the superior court erred in not remanding this issue to the Board.

Kramer argues that the Board's failure to address this issue constituted an "implicit denial of all benefits, including medical care, [because] Wien has refused to provide medical care since the date of the Board's decision." Accordingly, Kramer contends the superior court had the appellate power to restore the position of the parties to *status quo ante* and reinstate medical benefits.

■ AS 44.62.570 provides that the superior court, when sitting as an appellate court, may "exercise its independent judgment on the evidence" and "enter judgment setting aside, modifying, remanding or affirming the order or decision, *without limiting or controlling in any way the discretion legally vested in the agency.*" AS 44.62.570(c) & (e) (emphasis added). This statutory provision, we believe, is broad enough to allow the superior court to reinstate benefits pending a final determination by the Board, without impinging upon the Board's discretion and power to adjudicate medical benefit claims. We note also that under Appellate Rule 609 the superior court, when sitting as an intermediate court of appeal, "shall have power to make such orders as are necessary and proper to aid its appellate jurisdiction." Considerations pertaining to the medical or financial status of a party before the court are often, of necessity, implicated. In light of the broad grant of power contained in these provisions, we affirm the superior court's exercise of discretion and its deci-

---

7. The superior court, sitting as an appellate court, chose to rule on the record alone that Wien Air failed to rebut the presumption with substantial evidence. However, we are under no obligation to defer to the superior court's judgment in this matter and vacate this portion of its order. *See Wolfer,* 693 P.2d at 869.

8. Enchanted Lake Lodge argues primarily that it did not have proper notice of Kramer's claim and therefore the claim against it should be barred. Neither the Board nor the superior court addressed this issue. Enchanted Lake Lodge asks us to reach the matter positing that the "interests of justice require a timely consideration of Enchanted Lake Lodge's defense." In light of our conclusion regarding Kramer's failure to prove his disability before the Board, this issue need not be addressed.

sion to reinstate medical benefits pending final disposition by the Board.

The decision of the superior court is RE-VERSED in part and AFFIRMED in part.